[No. 608. Decided December 17, 1892.]

A. J. LITTLEJOHN AND WALTER ST. JOHN, *Respondents*, v. CHARLES MILLER *et al.*, *Appellants*.

APPEAL—STRIKING BRIEF—STATEMENT OF FACTS—AMENDMENT OF CERTIFICATE—NOTICE OF SETTLING—MOTION FOR NEW TRIAL—QUIETING TITLE.

A motion to strike appellant's brief on the ground that it contains references to the judge who tried the cause in grossly improper language will be denied, when the motion fails to point out the objectionable language.

Where the facts in a cause have been settled and the statement filed in the supreme court, the court has jurisdiction to grant leave to the appellant to have the transcript returned to the lower court in order that the proper certificate may be attached, and notice to the respondent of the time and place of making such second certificate is unnecessary.

A notice of the time and place of settling a statement of facts, which designates the place as the "court house," is sufficiently definite, although the said court house contains several offices wherein the several judges of the court transact business.

The failure to file a motion for a new trial within the time allowed by law will not defeat an appeal; nor is it necessary that a statement of facts be prepared for use on the hearing of a motion for a new trial.

Notice of appeal may be given subsequent to the settlement of a statement of facts.

A vendor, representing himself as a single man, had conveyed to plaintiffs certain real estate upon which there were two mortgages which plaintiffs agreed to pay as part of the purchase price. Subsequently a certain portion of the land was reconveyed to the vendor. The plaintiffs paid off said mortgages and had same assigned to them. Afterwards, in an action for the purchase price, the vendor recovered judgment against plaintiffs. About this time the wife of the vendor, who had been living apart from him in Pennsylvania for a number of years, appeared and claimed a community interest in the lands purchased by plaintiffs from her husband, whereupon plaintiffs brought an action against the vendor and his wife to quiet title. *Held,* That the action could not be maintained, on the ground that plaintiffs had at no time offered to pay the balance of purchase price of said land and to satisfy the mortgage debts thereon assumed by them.

*Appeal from Superior Court, Pierce County.*

*Taylor, McKay & Garretson, T. W. Hammond,* and *Leroy A. Palmer,* for appellants.

*Thomas Carroll,* and *Van Fossen & Ramage,* for respondents.

The opinion of the court was delivered by

SCOTT, J. — The respondents made several motions in this cause which were decided adversely to them at the time of the hearing. The first motion was to strike the brief of the appellants, and to affirm the judgment, for the reason that said brief contained references to the judge who tried the cause in grossly improper language. This motion was denied on the ground that respondents' brief did not point out the objectionable language in question.

The second motion was to strike the statement of facts on the ground that the certificate of the trial judge to the statement was not in accordance with law, in that it does not certify that the statement contains all the material facts in said cause. It appears that when the transcript in this cause first came to this court the certificate was defective, and appellant asked and obtained leave of the court to

have the transcript returned to the lower court in order that the proper certificate might be made. Whereupon the judge of the superior court who tried the cause, certified that such statement contained all the material facts. Respondent urges that this court had no jurisdiction to make said order, and he further objects to the second certificate on the ground that the same was signed by the judge without any notice having been given to the respondents thereof. We are of the opinion that the court had jurisdiction to make the order, and that it was not necessary that notice should have been served upon the respondents of the time and place of making said second certificate. The facts in the cause had previously been settled.

A further reason for the striking of this statement is presented to the effect that the notice given of the time and place of settling the statement of facts was insufficient, in that it did not specify the place where the same was to be settled with sufficient particularity. The place mentioned was designated as the court house, and the respondents urge that this was too general; that said court house contained various offices wherein the several judges of the court transacted business. We think the designation was sufficient, because it would be understood as referring to the judge who tried the cause, and there should have been no difficulty in ascertaining at what particular place or room in the building the matter would come up before him for consideration, and it does not appear that in fact there was any difficulty in this respect.

Other grounds for striking the statement are stated in this motion, but the same were not argued in respondents' brief, and for that reason will not be discussed here.

Respondents also move to dismiss the appeal for the following reasons: (1) The motion for new trial was not filed within the time allowed by law. (2) That upon the hear-

ing of the motion no statement of facts was prepared or used. (3) That the action of the court in denying the motion is not assigned as error. (4) That no notice of appeal had been given at the time of the settlement of the statement of facts. (5) That the statement, as presented to the judge, was not complete and ready for signing when presented. (6) That the original notice of appeal was not returned and filed with the clerk of the superior court immediately after the same had been served upon the respondents.

As to these matters the appeal could have been taken in this cause without making any motion for a new trial. And it is not necessary under our practice to prepare a statement of facts for use on the hearing of such a motion. A statement may be settled in advance of the giving of notice of appeal. The time allowed for the settlement of the statement is much less than that within which the notice of appeal can be given, and the notice of appeal may be subsequent to the settlement of the statement. It appears that in the preparation of the statement appellant acted in good faith, and that the same was substantially complete when presented. The filing of the notice of appeal within one day after the service was sufficient.

### ON THE MERITS.

The appellants, Charles Miller and Elizabeth Miller, were husband and wife, having intermarried in the year 1858, in the State of Pennsylvania, where they resided until the year 1877, at which time they separated, said Elizabeth Miller remaining in the State of Pennsylvania and he moving westward to the State of California, and subsequently to the Territory of Washington. Miller purchased the lands in question in the year 1884, and in the year 1888 he executed a deed thereof to the plaintiffs, who had no knowledge that he was a married man, or of the existence

of Elizabeth Miller, Miller having represented himself to
them as a single man.    Subsequently to said purported
conveyance, Elizabeth Miller, who theretofore had con-
tinued to reside in the State of Pennsylvania, separate and
apart from her husband, laid claim to a community inter-
est in said lands as Miller's wife.    Whereupon the plaintiffs
brought this action to quiet title.    Judgment was rendered
in their favor and defendants appealed.    As one of the
grounds of error alleged disposes of the cause, it is the only
one which will be discussed.

At the time of the purported conveyance of the land by
Miller to the plaintiffs, there were two mortgages thereon
given to secure the payment of two notes of five hundred
dollars each, executed by Miller to the mortgagees.    The
plaintiffs agreed to pay these mortgage debts as a portion
of the purchase price of said premises.    The purchase price
agreed upon, and which plaintiffs were to pay to Miller,
was the sum of four thousand dollars.    A few days after the
purported conveyance they reconveyed to Miller a portion
of the land for the agreed sum of fourteen hundred dollars,
which was deducted from the consideration of four thou-
sand dollars.    Subsequently Miller instituted suit against
the plaintiffs to recover the balance of the purchase price
then due him for said lands, and he obtained a judgment
thereon for over twelve hundred dollars.    In their com-
plaint the plaintiffs alleged that they had paid the consider-
ation price for said premises, and had paid said mortgages.
This was denied by the defendants, and the proof showed
that the judgment obtained by Miller against the plaintiffs
had never been satisfied, and it further showed that the
notes secured by the mortgages as aforesaid had been pur-
chased by the plaintiffs, and that the mortgages had been
assigned to them, and that said mortgage debts were still
outstanding as against Miller.    These mortgages so assigned

to plaintiffs, in addition to the land still held by them, also covered that portion of the premises which they had reconveyed to Miller as aforesaid. These facts appeared upon cross examination of the plaintiffs. The appellants insist that the plaintiffs could not come into a court of equity and ask the court to quiet their title to the lands under the circumstances. That they must have first offered to do equity themselves by offering to pay the purchase price yet due, including the mortgage debts as aforesaid. The respondents contend that although judgment had been recovered against them by Miller for a portion of said purchase price — the part remaining unpaid excepting the mortgage debts; that they did not owe the same, and were expecting to still further contest it, and to appeal from said judgment, when Elizabeth Miller appeared on the scene, and for some reason they did not prosecute that appeal. However this may be, their indebtedness for the said portion of the purchase price was concluded by this judgment, and they are in no position to question the validity thereof, and, they not having at any time offered to pay the balance of said purchase price, and to satisfy said mortgage debts, the judgment rendered in their favor in the court below must be reversed, and the cause is remanded with instructions to the lower court to dismiss it.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.