**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BEN McINDOE and CHARITI McINDOE, | No. 12-35416 |
| Plaintiffs - Appellants, | DC No. 2:12 cv-0149 JCC |
| v. | MEMORANDUM[*] |
| JPMORGAN CHASE BANK, N.A.; and DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 8, 2013[**]
Seattle, Washington

Before:    TASHIMA, GRABER, and MURGUIA, Circuit Judges.

After running into financial difficulties, Ben and Chariti McIndoe sought to

modify the terms of their home loan.  At that time, Deutsche Bank National Trust

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Co. ("Deutsche Bank") held the beneficial interest in the deed of trust, and JPMorgan Chase Bank, N.A. ("Chase") acted as the loan servicer.[1]  After the modification was denied, Deutsche Bank initiated foreclosure proceedings.  The McIndoes then filed this quiet title action against Deutsche Bank and Chase, seeking a declaration that the McIndoes are "the rightful holder[s] of title to the property."  The district court granted a motion to dismiss because the McIndoes had not alleged that they had paid (or offered to pay) the outstanding balance of the home loan.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**     We review *de novo* a dismissal for failure to state a claim.  *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Under Washington law, a borrower must fully satisfy (or be able to satisfy) outstanding debt to maintain a quiet title action.  *See Littlejohn v. Miller*, 31 P. 758, 759 (Wash. 1892) (mortgagor who had "not . . . at any time offered to pay the balance of said purchase price, and to satisfy said mortgage debts" cannot maintain quiet title action).  Thus, a plaintiff

---

[1]     The rights and responsibilities that each party has with respect to the deed of trust, the loan, and the property are all disputed, but, as discussed below, we need not resolve those disputes.

cannot "come into a court of equity, and ask the court to quiet their title to the lands . . . ; [instead] they must have first offered to do equity themselves, by offering to pay the . . . mortgage debts." *Id.* The McIndoes effectively concede that they have not alleged satisfaction (or the ability to satisfy) the outstanding obligations of the loan;[2] thus, the complaint was properly dismissed.

**2.** The district court did not abuse its discretion in denying leave to amend the complaint. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). The McIndoes effectively concede that they have not paid, or offered to pay, the outstanding debt on the loan. As described above, that admission is fatal to their quiet title action. Thus, because it would have been futile to amend, it was not an abuse of discretion to decline to permit leave to amend.

---

[2] The McIndoes seem to argue that they satisfied their obligations by making several timely payments in their efforts to modify the terms of the loan. But under the cases cited above, the borrower must satisfy (or allege the ability to satisfy) *all* outstanding obligations, not simply the requisite monthly payments.

**AFFIRMED.**