[No. 6575.  Decided March 19, 1907.]

THE STATE OF WASHINGTON, *On the Relation of C. M. Miller, Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—CERTIFICATE.  Findings of fact cannot be reviewed on appeal where the statement of facts is not certified to contain all material matters and proceedings occurring in the cause not already a part of the record, nor that it contains such thereof as the parties have agreed to be all that are material.

Appeal from a judgment of the superior court for King county, Morris, J., entered September 24, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, dismissing an action in mandamus to compel a city to return the excess amount collected upon an assessment for street improvements.  Affirmed.

*C. M. Miller*, for appellant.

*Scott Calhoun, O. B. Thorgrimson*, and *F. R. Conway*, for respondent.

HADLEY, C. J.—This is an action in mandamus, brought by the relator against the city of Seattle.  It is alleged that the city has collected 12.78 per cent more than enough to pay the proportionate part due from the property assessed for certain street improvements.  It is averred by the affidavit of the relator that he is the owner of claims against the improvement district fund aggregating $1,923.05, as an excess amount collected by the city on account of the assessment levied against certain lots in the district.  An alternative writ of mandate was issued, in which it was recited, that a demand had been made upon the city for the return of the excess; that no part thereof had been returned; that it was

[1] Reported in 89 Pac. 152.

the duty of the city to return the same; that the relator has no plain, speedy, and adequate remedy at law; and that he is beneficially interested in this cause. The writ commanded the city to forthwith issue a warrant on said local improvement district fund for the amount above mentioned, or show cause why it should not do so. The city by its return to the alternative writ denied the material allegations contained in the affidavit and writ. On the issues thus formed, a trial was had before the court without a jury. The court found that there was appropriated and paid out of the general fund of the city a specified sum to pay the amount due from the general fund as provided by the improvement ordinance; that the total cost of the work equals the full amount of the special assessment levied against the property in the district, together with the sum so appropriated out of the general fund, and that there are no amounts in the special fund to which the relator or his assignors are entitled as excess payments upon the assessments. From the facts the court concluded that the relator is not entitled to a warrant on said special fund in the amount claimed, or in any other sum. The action was dismissed, and the relator has appealed.

Appellant's brief assumes as legal propositions that mandamus lies, and that the city itself is the only necessary party. The respondent contends that mandamus does not lie, and further that, if it does, the officers of the city whose duty it is to perform the ministerial acts necessary for the issuance of a warrant are the only necessary and the only proper parties. It is not necessary for the determination of the case that we shall pass upon these questions. The trial court passed upon the facts, and in so doing it may be said that the court assumed that mandamus is the proper remedy, and that the city is the only necessary party. But the decision was against appellant on the facts, and if that decision was right, the judgment should be affirmed in any event.

From the statement of the case it will be seen that from the facts found by the court there is no excess amount in the

special fund. Appellant assigns error upon these findings. The certificate to the statement of facts recites: "I hereby certify that the matters and proceedings embodied therein are matters and proceedings occurring in said cause and the same are made a part of the record therein." It is neither certified that the statement before us contains all the material matters and proceedings occurring in the cause which are not already a part of the record, nor that it contains such thereof as the parties have agreed to be all that are material therein. The statute makes it the duty of the trial judge to so certify when such are the facts. Bal. Code, § 5060 (P. C. § 677). In the absence of such a certificate it must, therefore, be presumed that the statement does not include all the material facts, and we are thus advised that all the material facts which were before the trial court and which controlled its action are not before us. Under such circumstances, we cannot properly review the findings of facts, and the findings as made by the court, therefore, become the established facts in the case. Even if we should assume that the statement of facts before us contains all the material facts which were before the trial court, still we are by no means convinced that the court erred in its findings. Under the circumstances, however, a discussion of the evidence is unnecessary.

The conclusions of law and the dismissal properly followed from the findings, and the judgment is affirmed.

MOUNT, FULLERTON, DUNBAR, CROW, and ROOT, JJ., concur.