[No. 12189.  Department Two.  January 29, 1915.]

EUGENE TAYLOR, *Respondent*, v. CLAUS E. ANDRES *et al.*,
*Appellants.*[1]

APPEAL—RECORD — STATEMENT OF FACTS — CERTIFICATE — SUFFICI-
ENCY.  A certificate to a statement of facts reciting that the matters
and proceedings embodied therein are matters and proceedings oc-
curring in said cause, fails to comply with Rem. & Bal. Code, § 391,
requiring the trial judge to certify that the statement of facts "con-
tains all the material facts, matters and proceedings heretofore oc-
curring in the cause and not already a part of the record therein
. . .;" and the supreme court will not look into the statement of
facts to determine from its contents whether it does in fact contain
"all the material facts," etc., as required by law.

Appeal from a judgment of the superior court for Skagit
county, Pemberton, J., entered October 31, 1913, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on contract.  Affirmed.

[1]Reported in 145 Pac. 991.

*Shrauger & Henderson,* for appellants.

*Thomas Smith,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for breach of a written contract. After the issues were framed, the cause was tried to the court and a jury. A verdict was returned in the sum of $800. The defendants thereupon interposed a motion for a new trial upon various grounds. Upon hearing this motion, the court directed that a new trial would be granted unless the plaintiff should elect to remit from the verdict the sum of $200. The plaintiff thereupon filed his election to accept a judgment for $600. The motion in other respects was denied. A judgment was entered in favor of the plaintiff in the sum of $600. The defendants appeal.

Upon this appeal, but one question is urged, and that is the misconduct of the jury. The respondent opens his answering brief with a motion to strike the statement of facts, one of the grounds of the motion being that the statement of facts is not certified as required by law. Aside from the formal parts, the certificate is as follows:

"That the matters and proceedings embodied in the foregoing statement of facts are matters and proceedings occurring in said cause."

The statute, Rem. & Bal. Code, § 391 (P. C. 81 § 689), among other things, provides that, when such is the fact, the trial judge shall certify that the statement of facts "contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein . . . ." Comparing the certificate with the statute, the infirmity in the former readily appears. It nowhere appears in the certificate that the statement of facts contains all the material facts, matters and proceedings occurring in the cause not already a part of the record therein. Where it does not appear in the certificate to the statement of facts that the statement contains all the material facts

not already a part of the record necessary to the considera-
tion of the case, the statement upon motion will be stricken.
In the absence of such a certificate, it is presumed that the
statement does not include all the material facts. *Kirby v.
Collins*, 6 Wash. 297, 32 Pac. 1060; *State ex rel. Miller v.
Seattle*, 45 Wash. 691, 89 Pac. 152. In the case last cited
it was said:

"It is neither certified that the statement before us con-
tains all the material matters and proceedings occurring in
the cause which are not already a part of the record, nor that
it contains such thereof as the parties have agreed to be all
that are material therein. The statute makes it the duty
of the trial judge to so certify when such are the facts. Bal.
Code, § 5060 (P. C. § 677). In the absence of such a certi-
ficate it must, therefore, be presumed that the statement does
not include all the material facts, and we are thus advised
that all the material facts which were before the trial court
and which controlled its action are not before us. . . ."

But the appellant claims that, since the only question is the
misconduct of the jury, and the statement of facts contains an
affidavit by each of the twelve jurors, it shows on its
face that it contains all the material facts necessary to de-
termine the question presented. This conclusion, we think,
does not necessarily follow. The certificate being insufficient,
the court will not look into the proposed statement of facts
and attempt to determine from its contents whether it does
in fact contain all the material facts and proceedings neces-
sary to a consideration of the point involved. Had the certi-
ficate contained a statement that there were embodied in the
statement of facts all the material facts, matters and proceed-
ings not already a part of the record which were necessary
to a determination of the question involved, a different ques-
tion would be presented.

The motion to strike must be granted. The judgment will
be affirmed.

CROW, MOUNT, FULLERTON, and ELLIS, JJ., concur.