[No. 13414.  Department Two.  July 29, 1916.]

C. E. Morgan, *Respondent*, v. Chittenden Land Company, *Appellant*, Lena E. Ward *et al.*, *Interveners.*[1]

Appeal—Record—Statement of Facts.  A statement of facts that does not give the testimony of the witnesses, either by question and answer or in narrative form, is insufficient, and will be stricken on motion.

Mechanics' Liens—Foreclosure—Findings.  A judgment foreclosing a mechanics' lien is supported by findings as to the furnishing of the material used in the construction of the building upon defendant's land necessary for the convenient use of the building, the reasonable value, after deducting proper credits, and the perfecting of the lien.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered August 11, 1915, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court.  Affirmed.

*Myers & Johnstone*, for appellant.

*Walter S. Fulton*, for respondent.

Per Curiam.—This action was brought to foreclose a mechanics' lien.  The court, after allowing several credits and offsets and counterclaims, entered a decree establishing a lien for the balance due, and ordered a sale of the property.  The defendant Chittenden Land Company, has appealed.

*Inter alia*, the respondent moves to strike the statement of facts for the reason that it is not sufficient, either in form or substance, and that it is not certified in the form required by statute.  It is not sufficient in form.  It does not purport to give the testimony of the witnesses, either by question and answer or in the narrative form.  It is rather a statement of the conclusion of counsel as to the force and effect of the testimony considered as a whole.  The certificate is insuffi-

[1]Reported in 159 Pac. 129.

cient. Rem. & Bal. Code, § 391; *State ex rel. Miller v. Seattle*, 45 Wash. 691, 89 Pac. 152. The statement of facts is, therefore, stricken.

The only question remaining is, whether the findings of fact sustain the legal conclusions drawn by the trial court, and the decree entered thereon. Appellant argues in its brief that the respondent waived his right to claim a lien by contracting with appellant that he would take a mortgage for the balance of the contract price, but that question is not before us. The court found that the plaintiff, at the special instance and request of the defendant, commenced to perform labor and to furnish materials to be used in the construction of "that certain building situated etc;" that appellant is the owner of the land; that all of it is necessary for the convenient use and occupation of the building; that the material and labor were of the reasonable and agreed value of $1,900; that, after deducting proper credits, $280.43 is due and unpaid; that respondent has perfected his lien and is entitled to foreclose it, together with the sum of $50 as an attorney fee.

The findings sustain the conclusions and decree of the court. Affirmed.