[No. 13771. Department One. May 18, 1917.]

L. K. DELLER, *Respondent*, v. A. C. LONG *et al., Appellants.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—CERTIFICATE. Where the
statement of facts is certified to contain only the plaintiff's evi-
dence, it must be presumed that it does not contain all the material
facts, and there can be no review of the evidence on appeal, the
only question being whether the findings support the judgment.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered July 18, 1916, upon findings in
favor of the plaintiff, in an action on contract, tried to the
court. Affirmed.

*Louis A. Dyar*, for appellants.

*Harry M. Morey*, for respondent.

WEBSTER, J.—The single issue presented to the superior
court in this case was whether the defendants, by verbal con-
tracts, expressly guaranteed to pay plaintiff's assignors a
fixed and stipulated net price for a number of boxes of apples
which had been delivered to the defendants. It was the con-
tention of the defendants that the apples had been received
by them as commission brokers in the usual course of business,
and that no guaranty of price had been made. The issue was
purely one of fact. The trial court made findings to the ef-
fect that the contracts actually entered into between the
parties were as alleged by the plaintiff; namely, that the de-
fendants guaranteed a fixed net price for the apples. De-
fendants appeal.

The certificate to the statement of facts recites:

"The above and foregoing statement of facts contains all
of the material facts, matters and proceedings heretofore oc-
curring *in the plaintiff's case only* in said cause, and not al-
ready a part of the record therein, and contains all of the
*plaintiff's* evidence oral and written therein."

[1]Reported in 165 Pac. 98.

The record does not purport to contain all of the evidence produced upon the trial, nor does it appear from the certificate that such portion of the record as is brought here contains all of the material facts, matters and proceedings occurring at the trial and not already a part of the record, nor that it contains such thereof as the parties have agreed to be all that are material. Under such a certificate, it must be presumed that the statement does not include all of the material facts. *Taylor v. Andres,* 83 Wash. 684, 145 Pac. 991; *State ex rel. Miller v. Seattle,* 45 Wash. 691, 89 Pac. 152; *Kirby v. Collins,* 6 Wash. 297, 32 Pac. 1060.

In this condition of the record it is impossible to try the case *de novo* on the facts. The findings clearly support the judgment, and this is the only question we are at liberty to review. *Pack v. Peabody,* 58 Wash. 76, 107 Pac. 839; *Lohman v. Claussen,* 55 Wash. 408, 104 Pac. 624.

We conclude that the judgment must be affirmed.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.