[No. 14940.   Department One.   December 28, 1918.]

## HANS MAUSETH, *Appellant,* v. R. H. SLAYDEN, *Respondent.*[1]

APPEAL (317)—RECORD—STATEMENT OF FACTS—CERTIFICATE AS TO ALL MATERIAL FACTS. A statement, to which no amendments were proposed, must be certified to contain all the material facts, notwithstanding Rem. Code, § 389, providing that it is deemed agreed to; in view of § 391, which requires a certificate as to all the material facts "or (as the case may be) such thereof as the parties have agreed to be all that are material," and which applies whether the statement be settled by the court or agreed to expressly or impliedly by counsel.

SAME (263)—RECORD—NECESSITY OF STATEMENT. In the absence of a statement certified to contain all the material facts, the court cannot pass upon errors in instructions and must dismiss the appeal.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 18, 1918, upon the verdict of a jury rendered in favor of the defendant, in an action for damages. Affirmed.

*Browder Brown* and *J. W. A. Nichols,* for appellant.

*Gordon & Easterday,* for respondent.

CHADWICK, J.—Plaintiff has appealed from a judgment entered on the verdict of a jury. The errors assigned are in the giving of certain instructions and in refusing to give certain instructions requested by the plaintiff. The plaintiff has brought only a partial statement of facts to this court. The trial judge has not certified that the statement contains all the material facts, matters and proceedings occurring in the cause, and defendant insists that the court will not pass upon the errors assigned, under the authority

[1]Reported in 177 Pac. 319.

of *Morgan v. Bankers' Trust Co.*, 63 Wash. 476, 115 Pac. 1047. See, also, *Weld v. Wheeler,* 90 Wash. 178, 155 Pac. 748.

Plaintiff contends, however, that, having filed all that part of the record which he deemed material as a statement of facts, and that no objections having been filed thereto, the proposed statement "shall be deemed agreed to." And that the statute providing that in such case the statement "shall be certified by the judge at the instance of either party," and the judge having certified that "the foregoing statement of facts, to which this certificate is attached, and the matters and proceedings embodied therein are matters and proceedings occurring in the said cause and on the trial thereof, and the same are hereby made a part of the record therein," is a sufficient compliance with Rem. Code, § 389, and that it is our duty to treat the statement as a complete statement of all the material facts, and to consider the errors complained of in the light of the statement which we have before us.

But to so hold would be equivalent to a holding that no certificate of the trial judge is necessary where no amendments have been proposed. That such a holding is beyond the power of the court is made plain by referring to Rem. Code, § 391, wherein the form of the certificate is suggested. The statute requires that the judge shall in all cases certify as to the materiality of the facts, matters and proceedings occurring in the cause, "or (as the case may be) such thereof as the parties have agreed to be all that are material therein." A reading of these two sections makes it clear beyond the peradventure of a doubt that, whether the statement is impliedly agreed to under § 389, or is agreed to in writing, or by stipulation in open court, it is essential that the trial judge certify

17—104 WASH.

that the record contains all the material facts, matters and proceedings before this court will consider any claim of error predicated thereon. For, "even though the appeal be presented upon agreed statement of facts, it is necessary that it be properly certified by the trial court." *State v. Baxter*, 78 Wash. 405, 139 Pac. 196, citing *State ex rel. Hersner v. Arthur*, 7 Wash. 358, 35 Pac. 120, and *State v. Maines*, 26 Wash. 160, 66 Pac. 431.

The contention made by plaintiff was made in the case of *In re Holburte's Estate*, 38 Wash. 199, 80 Pac. 294, as will be seen by reference to the dissenting opinion of Rudkin, Judge. But the court, adhering to its former interpretation of the statute, held that we will, in all such cases, be controlled by the certificate of the trial judge, and if it does not there appear that all material facts, matters and proceedings are contained in the statement of facts, will refuse to consider it. In *Taylor v. Andres*, 83 Wash. 684, 145 Pac. 991, we said:

"The certificate being insufficient, the court will not look into the proposed statement of facts and attempt to determine from its contents whether it does in fact contain all the material facts and proceedings necessary to the consideration of the point involved. Had the certificate contained a statement that there were embodied in the statement of facts all the material facts, matters and proceedings not already a part of the record which were necessary to a determination of the question involved, a different question would be presented."

In this case the court followed *State ex rel. Miller v. Seattle*, 45 Wash. 691, 89 Pac. 152:

"It is neither certified that the statement before us contains all the material matters and proceedings occurring in the cause which are not already a part of the record, nor that it contains such thereof that the parties have agreed to be all that are material therein. The statute makes it the duty of the trial judge to so

certify when such are the facts. . . . In the absence of such a certificate it must, therefore, be presumed that the statement does not include all the material facts, and we are thus advised that all the material facts which were before the trial court and which controlled its action are not before us.''

This is a holding, as we now hold, that whether the statement be settled by the court, or agreed to expressly or impliedly by counsel, the judge must nevertheless certify to the materiality of the facts contained in the statement. See, also, *Deller v. Long,* 96 Wash. 372, 165 Pac. 98.

Wherefore, upon the authority of *Morgan v. Bankers' Trust Co., supra,* the judgment of the lower court is affirmed.

MAIN, C. J., MACKINTOSH, and TOLMAN, JJ., concur.