[No. 19611. Department Two. February 1, 1926.]

H. B. MILLER, *Plaintiff*, v. ST. CLAIR LUMBER COMPANY, *a co-partnership, et al., Defendants.*

T. S. MORRELL *et al., Appellants*, v. NISQUALLY MILL & TIMBER COMPANY *et al., Respondents.*[1]

[1] APPEAL (274)—RECORD—EXHIBITS. Error relating to exhibits in a case cannot be reviewed where the exhibits are not brought up by a statement of facts.

Appeal from a final order of the superior court for Thurston county, Wright, J., entered December 23, 1924, upon findings in favor of the defendants, in an action upon a contest as to the priority of lien claims, tried to the court. Affirmed.

*R. F. Dotsch*, for appellants.

*J. H. Gordon*, for respondents.

MACKINTOSH, J.—In this receivership proceeding, the court held that the description and signatures in two conditional sale contracts were sufficient, and the appellants, who are creditors, are appealing from that decision.

[1] Passing over the question of whether the appellants have authority to prosecute an appeal, it at once appears that, in any event, the appeal must be decided against them, for the reason that the question which is raised relates to exhibits which are not properly before us, there being no statement of facts, and the exhibits only appearing as attached to the clerk's transcript. Unless the exhibits are incorporated in a bill of exceptions, or statement of facts, and certified by the trial judge, they cannot be considered by this court. *Waldy v. Seattle*, 93 Wash. 407, 161 Pac. 65.

[1] Reported in 242 Pac. 1096.

There being nothing else involved in the appeal, the judgment must be affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.