[No. 23238.   Department One.   January 12, 1933.]

WILLIAM A. GILMORE, *Appellant,* v. RED TOP CAB COMPANY OF WASHINGTON *et al., Respondents.*[1]

*Winter S. Martin, Harry S. Redpath,* and *Leo W. Stewart,* for appellant.

*Lyons & Orton* and *Bausman, Oldham, Cohen & Jarvis,* for respondents.

PER CURIAM.—Plaintiff, a minority stockholder of the Red Top Cab Company of Washington, a domestic corporation, brought this action for the appointment of a receiver of that company, and for an accounting by the defendants of the assets alleged to have been wrongfully taken by the defendants from

[1]Reported in 17 P. (2d) 886.

the Red Top Cab Company. The court appointed a receiver for the Red Top Cab Company, and, at the conclusion of the plaintiff's case, granted the motions of the defendants for a nonsuit. Plaintiff's motion for a new trial was denied and judgment of dismissal entered. The plaintiff has appealed.

The errors assigned are the granting of the motions for a nonsuit, denying the motion for a new trial, and entering judgment of dismissal.

So far as material, the trial judge's certificate to the statement of facts reads as follows:

"That the matters and proceedings embodied in the foregoing statement of facts are matters and proceedings occurring in said cause and the same are hereby made a part of the record herein.

"I do further certify that the same contains substantially all material facts, matters and proceedings heretofore occurring in said cause and not already a part of the record therein.

"I do further certify that the foregoing statement of facts contains substantially all of the material evidence and material testimony introduced upon the trial of said cause, . . ."

The statute (Rem. Rev. Stat., § 391) requires the trial judge to certify that the matters and proceedings embodied in the statement of facts are matters and proceedings occurring in the cause,

". . . and that the same are thereby made a part of the record therein; and, when such is the fact, he shall further certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, . . ."

The statement of facts must be stricken. The statement of facts, while certified to contain the matters and proceedings occurring in the trial and making the same a part of the record, is not certified to con-

tain "all the material facts, matters and proceedings heretofore occurring in the cause," etc. It will be presumed, in the absence of such a certificate, that the statement of facts does not include all the material facts, and we will not examine the statement of facts to ascertain whether it does in fact contain all the material facts and proceedings necessary to the consideration of the points involved.

"Substantially" may mean "part" or "about." It is a term which has been defined to mean "about; actually; competently; essentially." 60 C. J. 979. *South Penn Oil Co. v. Knox,* 68 W. Va. 362, 69 S. E. 1020, was a case involving a lease describing the premises as all that certain tract of land situated in a certain district on the waters of a designated stream "bounded substantially as follows." The court there held that the term "substantially" meant bounded "about" or "in the main" as designated, and not "wholly" or "completely" so.

A certificate that the statement of facts contains "in the main" or "about" all of the material facts would not be in compliance with the statutory requirement. The determination of the questions raised on the appeal requires a review of the entire evidence. We do not have before us any statement of facts certified as containing all of the evidence introduced upon the trial, hence the judgment must be, and it is, affirmed.