[No. 27608. Department One. September 6, 1939.]

THEODORE R. BASKETT *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen* and *C. C. McCullough,* for appellant.

*Kennett & Benton,* for respondents.

[1]Reported in 93 P. (2d) 769.

STEINERT, J.—This cause is presented to us solely on respondents' motion to strike the statement of facts, dismiss the appeal, and affirm the judgment. The matter was argued on a regular motion day and thereafter was assigned for opinion, with leave to respective counsel to file additional briefs on the question. Since that time, supplemental briefs have been submitted by both parties.

The original action was brought by respondents herein, husband and wife, to recover damages for personal injuries sustained by the husband. Upon the trial, the jury returned a verdict in respondents' favor. Motion for judgment notwithstanding the verdict and, in the alternative, motion for new trial having been denied, the court entered judgment on the verdict, whereupon the city, appellant herein, gave notice of appeal.

Within the time allowed by law, appellant served and filed its proposed statement of facts, which purported to include only such matters and proceedings as related to alleged misconduct of a juror upon the trial of the cause. Appellant, however, failed to serve or file with the proposed statement of facts any statement of the points upon which it intended to rely on appeal, as required by Rule IX (2), Rules of the Supreme Court (Rem. Rev. Stat. (Sup.), Vol. 1, p. 56, 193 Wash. 10-a). Respondents served no counter statement. The court signed the certificate attached to the proposed statement and subsequently signed an amended certificate, to each of which certificates more specific reference will be made later. Shortly after the statement of facts had been certified by the trial court, respondents countered by filing in this court the motion now under consideration.

The motion is based upon two grounds: (1) That appellant failed to serve or file a statement of the points

upon which it intended to rely on appeal, as required by Rule IX (2), Rules of the Supreme Court; and (2) that it does not appear either from the certificate or from the amended certificate of the trial court that the statement of facts contains all the material facts, matters, and proceedings occurring in the cause and upon the motion for new trial, and not already made a part of the record. If either of these grounds be found sufficient, it will necessitate granting the motion to the extent hereinafter indicated.

Since we base our decision upon the second ground as applied to this particular situation, we shall not discuss the first, but we wish hereby to remind the bar of the existence of Rule IX (2), the advisability of its observance, and the difficulties attendant upon failure to comply with it.

In considering the second ground of the motion, the certificates made by the trial court must be scrutinized.

That part of the original certificate which is material to our present inquiry reads as follows:

"I CERTIFY, that the record as hereinbefore set out, namely: Transcription of the examination of the juror, G. ORLIN, on the voir dire; true copies of affidavits as served and filed on behalf of defendant on Motion for a New Trial; true copies of counter-affidavits as served and filed on behalf of plaintiffs; transcription of excerpts of the proceedings on hearings on the Motion for New Trial as interposed by the defendant as of January 28, 1939, February 11, 1939, and February 17, 1939,—is a true and correct record of only such portions of the trial proceedings and of only such portions of the record and of the hearings on Motion for New Trial, which, by way of a Statement of Facts, *are necessary and proper for the presentation of the particular question herein involved to the Supreme Court of this state,*

"AND the same are hereby made a part of the record herein." (Italics ours.)

In the amended certificate, that part of the original certificate which is above italicized was amended to read as follows:

"... are necessary and material for the presentation of the claim of error on the part of the Trial Court in denying the motion for a new trial upon the ground of bias or misconduct of the juror Orlin; and this certificate is limited to that question and to that question alone; and the same are hereby made a part of the record herein."

The amended certificate contains also the following additional recitals:

"I Do FURTHER CERTIFY that the foregoing Statement of Facts does not include the complete record and all of the proceedings and evidence in the cause; and

"I Do FURTHER CERTIFY that the appellant did not serve or file with its Proposed Statement of Facts a statement of the points upon which it intended to rely on appeal—as required by subdivision 2 of Rule IX of the Supreme Court of the State of Washington, and that the appellant has not at any time served or filed such a statement, and that respondents were therefore not advised so as to be able to intelligently propose amendments in accordance with the provisions of Remington's Revised Statutes, Section 389."

Rem. Rev. Stat., § 391 [P. C. § 7819], which relates to certificates to bills of exceptions and statements of facts, provides:

"The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause and that the same are thereby made a part of the record therein; and, when such is the fact, he shall further certify that the same contains *all the material facts, matters and proceedings* heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof as the parties have agreed, to be all that are material therein. . . ." (Italics ours.)

From a reading of the two certificates, it will be observed that, in one of them, it is recited that the matters therein particularly referred to are necessary and proper for the presentation to the supreme court of the particular question involved; and that, in the other, it is stated that the same matters are necessary and material for the presentation of the claim of error on the part of the trial court in denying the motion for new trial based on a specified ground.

However, in neither certificate is it expressly stated or necessarily implied that the matters therein referred to contain *all* the material facts, matters, and proceedings pertaining to the particular question involved upon the appeal. The certificates go no further than to say that such matters as are contained in the statement of facts are necessary and material for such purpose. That is not sufficient. Where an appeal or other proceeding for review is taken upon a limited question, as provided in Rule IX (2), Rules of the Supreme Court, 193 Wash. 10-a, it must appear that the statement contains all the facts, matters, and proceedings material to the particular question, theretofore occurring in the cause and not already made a part of the record therein, or (as the case may be) such thereof as the parties have agreed to be all that are material therein.

We have interpreted the statute and expressed insistence upon it so many times that it hardly seems necessary to repeat our admonition. Merely for emphasis, we cite a number of our decisions and quote from a few of them. *Kirby v. Collins,* 6 Wash. 297, 32 Pac. 1060; *State ex rel. Miller v. Seattle,* 45 Wash. 691, 89 Pac. 152; *Taylor v. Andres,* 83 Wash. 684, 145 Pac. 991; *Deller v. Long,* 96 Wash. 372, 165 Pac. 98; *Mauseth v. Slayden,* 104 Wash. 512, 177 Pac. 319; *King v. Manson,* 165 Wash. 90, 4 P. (2d) 885; *Gilmore v. Red Top Cab Co.,* 171 Wash. 346, 17 P. (2d) 886; *In re*

*Jordan's Estate,* 171 Wash. 624, 18 P. (2d) 855; *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567; *State ex rel. Northeast Transportation Co. v. Superior Court,* 194 Wash. 262, 77 P. (2d) 1012, 82 P. (2d) 111.

In *State ex rel. Miller v. Seattle, supra,* the question is presented and answered in the following quotation from the opinion:

"The certificate to the statement of facts recites: 'I hereby certify that the matters and proceedings embodied therein are matters and proceedings occurring in said cause and the same are made a part of the record therein.' It is neither certified that the statement before us contains all the material matters and proceedings occurring in the cause which are not already a part of the record, nor that it contains such thereof as the parties have agreed to be all that are material therein. The statute makes it the duty of the trial judge to so certify when such are the facts, Bal. Code, § 5060 (P. C. § 677). In the absence of such a certificate it must, therefore, be presumed that the statement does not include all the material facts, and we are thus advised that all the material facts which were before the trial court and which controlled its action are not before us. Under such circumstances, we cannot properly review the findings of facts, and the findings as made by the court, therefore, become the established facts in the case."

In *Taylor v. Andres, supra,* it was said:

"Where it does not appear in the certificate to the statement of facts that the statement contains all the material facts not already a part of the record necessary to the consideration of the case, the statement upon motion will be stricken. In the absence of such a certificate, it is presumed that the statement does not include all the material facts. [Citing cases.]"

In *Deller v. Long, supra,* the certificate recited that the statement of facts contained all the material facts,

matters, and proceedings occurring in plaintiff's case only. We said:

"The record does not purport to contain all of the evidence produced upon the trial, nor does it appear from the certificate that such portion of the record as is brought here contains all of the material facts, matters and proceedings occurring at the trial and not already a part of the record, nor that it contains such thereof as the parties have agreed to be all that are material. Under such a certificate, it must be presumed that the statement does not include all of the material facts."

In *Mauseth v. Slayden, supra,* the contention was made by appellant that, since he had filed all that part of the record which he deemed material as a statement of facts, and that, since no objection had been filed thereto, the proposed statement should "be deemed agreed to." In declining to place that construction upon certain sections of the statute, the court said:

"A reading of these two sections makes it clear beyond the peradventure of a doubt that, whether the statement is impliedly agreed to under § 389, or is agreed to in writing, or by stipulation in open court, it is essential that the trial judge certify that the record contains all the material facts, matters and proceedings before this court will consider any claim of error predicated thereon. For, 'even though the appeal be presented upon agreed statement of facts, it is necessary that it be properly certified by the trial court.' "

In *Gilmore v. Red Top Cab Co., supra,* the certificate recited that the statement of facts contained *substantially* all the material facts, matters, and proceedings occurring in the cause. We held that the word "substantially" was not sufficient compliance with the statute, and said:

"The statement of facts must be stricken. The statement of facts, while certified to contain the matters and proceedings occurring in the trial and making the

same a part of the record, is not certified to contain 'all the material facts, matters and proceedings heretofore occurring in the cause,' etc. It will be presumed, in the absence of such a certificate, that the statement of facts does not include all the material facts, and we will not examine the statement of facts to ascertain whether it does in fact contain all the material facts and proceedings necessary to the consideration of the points involved."

In *Simmons v. Department of Labor & Industries, supra,* appears the following statement decisive of the question there presented:

"We have repeatedly held that we will not in any case say that the judgment of the trial court is wrong upon questions of fact unless we have before us all the evidence upon which that court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence. [Citing cases.]"

These cases effectually dispose of the question under consideration here. The statement of facts must be stricken; in the absence of such statement, we cannot consider the particular question raised on the appeal, and the motion to dismiss the appeal therefore will have to be granted. It is so ordered.

MAIN, ROBINSON, and JEFFERS, JJ., concur.

BLAKE, C. J. (dissenting)—The jury returned a ten to two verdict for twenty thousand dollars. The juror Orlin was one of the ten. On his *voir dire* examination, he was asked: "Mr. Orlin, have you or any member of your immediate family ever had occasion to file a claim against the city?" to which he answered "No." It is admitted that he had filed a claim against the city on November 22, 1938, for $1,005 on account of injuries alleged to have been sustained as the result of negligence of the city.

The statement of facts consists solely of Orlin's *voir dire* examination and affidavits in support of and against the motion for new trial and colloquy between the respective counsel and the court. It really is a bill of exceptions. See *Northern Life Ins. Co. v. Walker*, 123 Wash. 203, 212 Pac. 277. Upon the record thus made, there is only one possible question that appellant can raise on the appeal: The misconduct of the juror Orlin in falsely answering questions on his *voir dire* examination.

It seems to me that the trial judge has definitely and adequately certified that all evidence "necessary and material for the presentation of the claim of error on the part of the trial court in denying the motion for a new trial upon the ground of bias or misconduct of the juror Orlin" is contained in the statement of facts.

Upon this condition of the record, the applicable rule is that:

"A statement of facts should not be stricken or disregarded because it does not contain all the facts and proceedings, *if it contains sufficient to represent the only error relied upon for reversal.*" (Italics mine.) Syllabus 2, *Northern Life Ins. Co. v. Walker, supra.*

The statement and certificate considered by the court in that case are strikingly analogous to the statement and certificate in the instant case. In any event, the statement of facts should be returned and the trial judge given an opportunity to insert the word "all" in his certificate. *Littlejohn v. Miller*, 5 Wash. 399, 31 Pac. 758. For, as I understand it, no contention is made that the statement of facts does not contain *all* the facts material to the question of juror Orlin's misconduct.

I dissent.