LOUIS LOUTSIS *et al., Respondents,* v. GEORGE GEORGES, *Appellant.*

GEORGE GEORGES *et al., Appellants,* v. LOUIS LOUTIS *(whose true name is Louis Loutsis) et al., Respondents.*[1]

[1]Reported in 99 P. (2d) 413.

2

*Ralph A. Horr, Philip Tworoger,* and *Albert M. Franco,* for appellants.

*Chavelle & Chavelle,* for respondents.

JEFFERS, J.—George Georges and wife commenced, in the superior court for King county, an action for an accounting, being cause No. 310484, against Louis Loutis (whose true name is Louis Loutsis), alleging that, pursuant to an oral contract, defendant, in consideration of a loan of two thousand dollars to plaintiffs, took an assignment of a contract to purchase a certain piece of Seattle property, which assignment was to be held by defendant as security for the loan; that, in violation of such oral contract, and after plaintiffs had made payments on the loan, defendant took title to the property in his own name. Plaintiffs asked that the exact amount of money owing from plaintiffs to defendant be determined, and that defendant be directed to execute a deed, to be placed in the registry of the court, to be delivered to plaintiffs upon payment of the sum found to be due defendant.

Defendant, by his answer, denied that plaintiffs were entitled to any relief under their complaint, and asked that title to the property in question be confirmed in him, and that defendant recover rent claimed to be due from plaintiffs.

Shortly after the above entitled action was commenced, Louis Loutsis, defendant in cause No. 310484, and Antonina Loutsis, his wife, commenced an action against George Georges, being cause No. 312331 of the records of the superior court for King county, wherein plaintiffs asked for restitution of the premises

described in cause No. 310484, which plaintiffs alleged defendant was holding under lease, further alleging that defendant had failed to pay rent and refused to vacate the premises.

Defendant, in his answer, denied that the relation of landlord and tenant existed, and by reference made a part of his answer his complaint in cause No. 310484.

On April 12, 1939, the attorneys for the respective parties in the two actions above mentioned stipulated that the actions be consolidated and tried on May 18, 1939. A trial was had, and thereafter the court made and entered findings of fact, conclusions of law, and judgment.

In the judgment as entered, the trial court dismissed the action started by George Georges, being No. 310484, and further decreed that Louis Loutsis and wife were the owners of the property in question; that they were entitled to a writ of restitution; and that all right, title and interest of George Georges and wife in and to the property be canceled and forfeited. Motion for new trial was made by George Georges and denied by the court. This appeal followed.

Appellant contends the court erred in refusing to declare the transaction in question a mortgage, and in holding that respondents were to hold the property free of claims by appellant.

Respondents have interposed a motion to strike appellant's bill of exceptions, dismiss the appeal, and affirm the judgment. The motion is based on the following grounds: (1) That appellant's proposed bill of exceptions, as evidenced by the trial court's certificate, does not contain all material facts, matters, and proceedings occurring in the cause; (2) that appellant has failed to serve and file a concise statement of points upon which he intends to rely upon appeal.

Rem. Rev. Stat., § 391 [P. C. § 7819], sets forth cer-

tain requirements relative to a certificate to a bill of exceptions or statement of facts. The proposed bill of exceptions consisting of two and one-half pages, refers in no manner to any of the exhibits in the case. Attached to the bill of exceptions is the following certificate:

"That the matters and proceedings in the foregoing bill of exceptions, with the exception of conclusions of counsel therein set forth, are matters and proceedings occurring in the cause and not already a part of the record, with the following exceptions:

"(1) That the said bill of exceptions does not contain all of the testimony or evidence heard in said cause, nor all of the testimony of the witnesses in said bill set forth, but merely sets forth the conclusions of counsel as to the effect of such testimony.

"I therefore certify that said bill of exceptions does not contain all the material facts and matters occurring at the trial."

Under a certificate such as made in this case, we have held it will be presumed the bill of exceptions or statement of facts does not contain all the material facts and matters occurring at the trial and necessary to a decision of the case, and that the bill of exceptions or statement of facts must therefore be stricken. *State ex rel. Miller v. Seattle,* 45 Wash. 691, 89 Pac. 152; *Taylor v. Andres,* 83 Wash. 684, 145 Pac. 991; *Deller v. Long,* 96 Wash. 372, 165 Pac. 98; *Gilmore v. Red Top Cab Co.,* 171 Wash. 346, 17 P. (2d) 886; *Baskett v. Seattle,* 200 Wash. 442, 93 P. (2d) 769.

Under such a certificate, we cannot review the findings of fact as made by the trial court, and they therefore become the established facts in the case. *State ex rel. Miller v. Seattle, supra; Bannister v. Cavanaugh,* 175 Wash. 451, 27 P. (2d) 695.

For the reasons herein assigned, the bill of exceptions must be stricken. The findings of fact support

the conclusions of law and judgment as entered, and it follows, therefore, that the judgment must be affirmed.

Appellant contends, however, that he desired to raise only certain questions on appeal, and that therefore, under § 2, rule IX, Rules of the Supreme Court (193 Wash. 10-a), it was not necessary for him to bring up the entire record. However, appellant made no attempt to comply with § 2, rule IX, *supra,* by filing a concise statement of the points on which he intends to rely on appeal.

Where an appellant seeks to have only certain questions reviewed on appeal, as provided for in § 2, rule IX, *supra,* and does not include in his statement of facts or bill of exceptions, as proposed and filed, the complete record and all the proceedings and evidence in the cause, the filing of a concise statement of the points on which he intends to rely on appeal is jurisdictional and mandatory. Trial judges and counsel have been greatly embarrassed because of an attempt on the part of appellants to obtain the certificate of the trial judge to a bill of exceptions or statement of facts which does not contain all the matters and proceedings occurring at the trial, no statement of the points on which appellants intend to rely on appeal having been filed, conceding that such proposed bill of exceptions or statement of facts was filed in good faith. It is apparent, we think, that, when the bill of exceptions or statement of facts presents such a record, and when the appellant has not filed his statement of points, as provided in rule IX, opposing counsel has no way of determining whether or not such record is sufficient to properly present the questions to be raised; and it is also apparent, as evidenced by the instant case, that the trial judge can neither certify that the record contains all the material facts, matters, and proceedings

occurring in the cause, which are not already a part of the record, nor that it contains all the material facts, matters and proceedings occurring in the cause, necessary for a determination of the points on which appellant intends to rely on appeal.

We are also of the opinion that appellant's bill of exceptions must be stricken, because of his failure to file a statement of points on which he intended to rely on appeal.

For the reasons first herein assigned, the judgment must be, and is, affirmed. It is so ordered.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.

[No. 27705. Department Two. February 23, 1940.]

