[No. 28707.    Department One.    December 2, 1942.]

JAMES HENRY ROSENCRANS *et al., Respondents,* v. GEORGE PURRIER, JR., *Appellant.*[1]

[1] Reported in 131 P. (2d) 442.

*Robt. W. Garver,* for appellant.

*Edgar M. Swan,* for respondents.

STEINERT, J.—Plaintiffs brought suit in the superior court to recover damages for personal injuries sustained by them in an automobile collision alleged to have been caused by the negligence of the defendant. The action was tried to a jury in October, 1939, and a verdict was returned in favor of plaintiffs in the amount of ten thousand dollars. Defendant duly filed motions for judgment notwithstanding the verdict and for a new trial. These motions lay dormant, however, for over twenty months, until they were brought on, presumably by plaintiffs, for hearing on July 10, 1941. Defendant thereupon interposed a motion for stay of further proceedings in the cause, for the alleged reason that on December 29, 1939, two months after the rendition of the verdict mentioned above, he and his wife were adjudged bankrupt, upon their voluntary petition in the United States district court, and, thereafter, on February 24, 1940, received their final discharge in the bankruptcy proceedings. Plaintiffs resisted the motion

for stay of further proceedings in the superior court, but no ruling thereon was made at that time. Instead, the court denied defendant's motions for judgment notwithstanding the verdict and for a new trial, and at the same time took under advisement his motion for stay of further proceedings. Thereafter, on November 18, 1941, the court filed a memorandum decision denying defendant's motion for stay, and on November 21st entered a formal order to that effect. On application of the defendant, the latter motion was later re-argued and, on December 30, 1941, the court filed a second memorandum decision, adverse to the defendant, and, on January 2, 1942, again entered a formal order denying his motion for stay of further proceedings. On the latter date, the court also entered judgment on the verdict previously obtained. The defendant thereupon appealed from both the judgment and the order denying his motion for stay of further proceedings.

The respondents have moved, in this court, that appellant's statement of facts be stricken and the judgment affirmed. The motion was based upon several grounds, the substance of which are: (1) that no proper statement of facts was filed or proposed by the appellant within ninety days after entry of the judgment from which the appeal was taken; and (2) that appellant did not file a "concise statement of the points on which he intends to rely on the appeal," as required by the rules of this court.

Rule IX, subd. 1, Rules of the Supreme Court, effective August 1, 1938, 193 Wash. 9-a, provides that a proposed bill of exceptions or statement of facts must be served and filed in the office of the clerk of the superior court within ninety days after the date of entry of the final judgment or appealable order, for the purpose of appealing from which the bill or statement is proposed. Rule IX, subd. 2, provides that, on any appeal

or proceeding for review in any civil or criminal cause, so much of the evidence as bears upon the question or questions sought to be reviewed may be brought before this court by a statement of facts or bill of exceptions, without bringing up the evidence bearing on rulings on which no error is assigned. That subdivision of the rule further provides, however, that

"If the appellant does not include in his statement of facts or bill of exceptions the complete record and all the proceedings and evidence in the cause, he shall serve and file *with such proposed bill of exceptions or statement of facts* a concise statement of the points on which he intends to rely on the appeal." (Italics ours.)

The judgment in this case was entered January 2, 1942. Appellant served and filed a proposed statement of facts on March 20, 1942, which was well within the ninety-day period. However, the proposed statement of facts did not include all the proceedings and evidence in the case, but contained only a recital purporting to summarize generally the proceedings set forth above, together with copies of the memorandum decisions pertaining to the motion for stay of further proceedings. Moreover, appellant did not serve or file with his proposed statement of facts a statement of the points upon which he intended to rely on the appeal, as required by subd. 2 of Rule IX. Appellant presented the proposed statement of facts to the court for settlement, but the court refused to certify it because of its incompleteness.

On April 6, 1942, which was *after* the expiration of the ninety-day period, appellant served and filed an amended proposed statement of facts, enlarging the former proposed statement by including the motion for stay of proceedings, appellant's affidavit in support thereof, and respondents' resisting affidavit. Ac-

companying the amended proposed statement of facts was a statement by appellant's counsel setting forth the points on which he intended to rely on the appeal and limiting them strictly to the order denying the motion for stay of further proceedings. On presentation of the amended proposed statement of facts on April 10, 1942, the court again refused to certify it because it likewise was incomplete.

Thereafter, on April 28, 1942, appellant served and filed a second amended proposed statement of facts, which enlarged to some extent the first amended proposed statement, and on May 8, 1942, the court certified this second amended, or final, proposed statement of facts.

We thus have this situation: Appellant's initial proposed statement of facts was timely filed. That proposed statement, however, did not contain all the proceedings and evidence in the cause, but only a certain portion of so much of the record as related to appellant's attempt to secure a stay of further proceedings in the present action after his discharge in bankruptcy. While the appellant may have intended to prosecute his appeal only in so far as it related to the order denying his motion for stay, his notice of appeal was directed both to the judgment on the verdict and to the order; nor did appellant then indicate his intention to limit the scope of his appeal by serving or filing with his first proposed statement of facts any statement of the particular points on which he intended to rely. In other words, he did not give notice at the time of serving and filing his first proposed statement of facts that the questions on appeal were in any way limited. It is true that he did give such notice at the time of serving and filing his amended proposed statement of facts, but, as already indicated, that was *after* the ninety-day period had expired.

■ For the purposes of this case and because of the ground on which we shall rest our decision as hereinafter declared, we will assume that the second amended, or final, proposed statement of facts merely perfected what had been done imperfectly by the initial proposed statement of facts, rather than that the final proposed statement incorporated entirely new matter, which would not be permissible after the expiration of the ninety-day period. Solely on the basis of that assumption, we hold, in accordance with the established rule in such cases, that the second amended proposed statement of facts merged into, and became a part of, the initial proposed statement of facts and as such was properly certified by the trial court as containing all the material facts, matters, and proceedings theretofore occurring in the cause and not already made a part of the record. For these reasons only, we decline to strike the statement of facts on the first ground assigned in respondents' motion.

■ The second ground of respondents' motion presents the question whether the statement of facts, as finally certified, must nevertheless be stricken because of appellant's failure to file, with his initial proposed statement of facts filed March 20, 1942, which was within the ninety-day period, a concise, or any, statement of the points on which he intended to rely on appeal.

In *Baskett v. Seattle,* 200 Wash. 442, 93 P. (2d) 769, a motion was made in this court to strike the statement of facts and dismiss the appeal, upon two grounds: (1) That the appellant city had failed to serve or file a statement of the points upon which it intended to rely on appeal, as required by Rule IX (2); and (2) that it did not appear from the trial court's several certificates that the statement of facts contained all the material facts, matters, and proceedings occurring in

the cause and upon the motion for new trial. In that case, we granted the motion to strike the statement of facts and dismiss the appeal solely upon the second ground assigned. We did not rule on the first ground, and it may be said here that one of the reasons for not doing so was that the rule had at that time been only recently promulgated and in all likelihood had not come to the attention of many members of the bar. For that reason, we based our decision on the second, and better known, ground. In confining ourselves to the second ground, however, we did say this:

"We wish hereby to remind the bar of the existence of Rule IX (2), the advisability of its observance, and the difficulties attendant upon failure to comply with it."

In *Loutsis v. Georges,* 3 Wn. (2d) 1, 99 P. (2d) 413, the question as to the force and effect of Rule IX (2) was squarely raised and the statement of facts in that case was stricken because of failure to comply with the rule. The reasons for enforcing the rule strictly were stated at some length. We said:

"Where an appellant seeks to have only certain questions reviewed on appeal, as provided for in § 2, rule IX, *supra,* and does not include in his statement of facts or bill of exceptions, *as proposed and filed,* the complete record and all the proceedings and evidence in the cause, the filing of a concise statement of the points on which he intends to rely on appeal is *jurisdictional and mandatory.* Trial judges and counsel have been greatly embarrassed because of an attempt on the part of appellants to obtain the certificate of the trial judge to a bill of exceptions or statement of facts which does not contain all the matters and proceedings occurring at the trial, no statement of the points on which appellants intend to rely on appeal having been filed, conceding that such proposed bill of exceptions or statement of facts was filed in good faith. It is apparent, we think, that when the bill of exceptions or statement of facts presents such a record, and when the appellant has not

filed his statement of points, as provided in rule IX, opposing counsel has no way of determining whether or not such record is sufficient to properly present the questions to be raised; and it is also apparent, as evidenced by the instant case, that the trial judge can neither certify that the record contains all the material facts, matters, and proceedings occurring in the cause, which are not already a part of the record, nor that it contains all the material facts, matters and proceedings occurring in the cause, necessary for a determination of the points on which appellant intends to rely on appeal." (Italics ours.)

The foregoing remarks are peculiarly applicable to the situation presented by the case at bar, for if the appellant had filed with his initial proposed statement of facts a concise statement of the points on which he intended to rely on the appeal, the trial court and respondents' counsel would at once have been apprised of the basis and extent of the appeal, and many of the difficulties which followed would have been obviated. One of the principal reasons for promulgating the rule was to prevent the recurrence of such situations.

The only distinction between the *Loutsis* case and this one is that there the appellant at no time filed a statement of the points on which he intended to rely on the appeal, while here he ultimately did file such a statement, but not with his first proposed statement of facts, nor within the ninety-day period. However, as stated in the *Loutsis* case, the rule is jurisdictional and mandatory. Not only must the proposed statement of facts be filed within the ninety-day period, but with his proposed statement of facts the appellant must also serve and file a concise statement of the points on which he intends to rely on the appeal. The jurisdictional mandate thus applies to the time element as well as to the factual content of the statement of points on which reliance is placed. Appellant did not comply with the

rule, and for that reason the statement of facts must be stricken.

In view of the fact that the statement of facts has thus been stricken, we are not in a position to review either the judgment or the order denying the motion for stay of further proceedings, from both of which the appeal is taken. So far as the appeal from the judgment is concerned, none of the evidence on which the judgment is based is included in the statement of facts, even though the statement were considered. So far as the appeal from the order denying a stay of proceedings is concerned, the determination of the question raised thereby depends upon the evidence affecting that issue. In the absence of a statement of facts, we are unable to say what the evidence was.

There are certain affidavits and accompanying exhibits in the transcript, but since these are evidentiary in nature and are not fully and clearly identified in the motion to which they purport to relate and are not made a part of such motion, and since, further, they are not referred to in the order denying the motion, they must be brought into the record by a bill of exceptions or statement of facts. *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795; *Miller v. St. Clair Lbr. Co.*, 137 Wash. 501, 242 Pac. 1096; *Keyes v. Ahrenstedt*, 156 Wash. 526, 287 Pac. 35; *Dailey v. Dailey*, 163 Wash. 104, 299 Pac. 988; *Johnson v. Stewart*, 1 Wn. (2d) 439, 96 P. (2d) 473; *Davis v. Davis*, 3 Wn. (2d) 448, 101 P. (2d) 313. Assuming, however, that these particular affidavits and exhibits are sufficiently identified to bring them into the record, there is nothing to indicate that they constitute the only evidence considered by the court in the determination of the particular issue.

The appeal is dismissed.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.