[No. 30657.   *En Banc*.   April 18, 1949.]

In the Matter of the Estate of AARON ANDERSON, *Deceased.*
THE STATE OF WASHINGTON, *Appellant,* v. V. E. THOREN,
as *Administrator, Respondent.*[1]

*The Attorney General* and *Philip W. Richardson, Assistant,* for appellant.

*Theodore V. Northstrom, Charles W. Johnson,* and *Brooks K. Johnson,* for respondent.

STEINERT, J.—This is an appeal by the state of Washington from a decree in probate approving the final account of the administrator of the estate of a deceased person and distributing to the heirs of the decedent the residue of his estate.

The record which has been brought to this court on the appeal discloses the following facts:  Aaron Anderson, a subject of the kingdom of Sweden, resided, at the time of his death on October 24, 1944, in Puyallup, Pierce county, Washington. He died intestate, leaving heirs both in this country and in Sweden. His estate consists of various bank accounts, a postal savings account, and cash on hand, amounting in all to the sum of $42,690.33. Of this amount, $27,424.44 represents deposits in banks located in Sweden, and the balance of $15,265.89 represents deposits and moneys held in the state of Washington.

[1]Reported in 205 P. (2d) 343.

An administrator of the estate was appointed by the superior court for Pierce county, and thereafter an administrator was appointed in Sweden to administer the assets of the estate located in that country. In due time the Washington administrator filed his final account and petition for distribution, showing, among other things, that the inheritance tax covering the assets in the state of Washington had been paid, but that the state claimed the right to tax the assets in the country of Sweden. The final account and petition of the Washington administrator further alleged that the administrator of the estate in Sweden and the foreign office of the Swedish government claim that the laws of Sweden govern the question concerning the decedent's domicile and that they refuse to recognize the laws of distribution of this state or the right of this state to tax such distribution.

Upon the filing of the final account, the attorney general, appearing on behalf of the state of Washington, filed his objections thereto, because of the refusal of the administrator to account to the state of Washington for inheritance taxes on property of the estate located in Sweden.

On the final hearing, the court approved the final account, disallowed the state's objections, and entered its decree distributing the estate to the heirs of the deceased. The decree contained the following recital:

"And it further appearing to the Court that the deceased at the time of his death was a subject of Sweden, and that under the laws of the Country of Sweden the domicile of the deceased was that Country, but that under the laws of the State of Washington the domicile of the deceased was the State of Washington; and it further appearing to the Court after hearing arguments on behalf of the Inheritance Tax Division and on behalf of the contention of the administrator herein that the State of Washington has no legal right to tax the intangible personal property under the jurisdiction of the Country of Sweden, where the laws of Sweden do not recognize the jurisdiction of this Court over such intangibles. . . ."

Based on that recital, the court entered its decree as stated above.

In his brief on appeal, the attorney general propounds, as the question to be here decided, the following:

"Where a decedent at his death was domiciled in the state of Washington and left an estate therein, may the state of Washington assess its inheritance and transfer tax based upon the entire estate of the decedent including intangibles consisting of bank accounts in Sweden, or is it limited to assets in Washington?"

For reasons presently appearing, we do not reach a consideration of the question thus propounded, but base our decision upon a procedural point with which we are immediately confronted and which is controlling in its effect.

This case is before us on what purports to be an agreed statement of facts, prepared and signed by the attorneys for the respective parties, and approved in writing by the trial judge. The procedure with respect to appeals taken and perfected in this manner is provided for, described, and explained in detail by Rule of Supreme Court 10, 18 Wn. (2d) 11-a, which reads as follows:

"When the question or questions presented by an appeal in any civil cause, whether cognizable at law or in equity, can be determined without an examination of all the pleadings, evidence, and proceedings in the superior court, the parties may prepare and sign a statement of the case showing how the question or questions arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the question or questions by this court. *The statement shall include a copy of the judgment from which the appeal is taken, a copy of the notice of appeal and of the appeal bond, together with their respective filing dates, and a concise statement of the points to be relied on by the appellant, and shall be filed with the clerk of the superior court within the time provided for the filing of a statement of facts or bill of exceptions.* If the statement conforms to the truth, it, together with such additions as the trial court may consider necessary fully to present the question or questions raised by the appeal shall be approved in writing by the trial judge and, when so approved, shall constitute the record on appeal, and be transmitted to this court in the same manner as a statement of facts or bill of exceptions." (Italics ours.)

That portion of the rule which has been italicized above covers the provisions particularly pertinent to the situation presented by this case.

The record herein discloses that the parties, through their attorneys, prepared and signed a statement of the case, setting forth as many *facts* as they deemed, and stipulated to be, essential to a decision of the question or questions presented to this court. The statement included a copy of the order from which the appeal was taken and a copy of the notice of appeal, as required by Rule 10. However, the statement *did not include* a "statement of the points to be relied on by the appellant," which, likewise, is a specific requirement of the rule.

While the perfection and prosecution of an appeal under Rule 10 have much in their favor and are to be commended, compliance with the provisions of the rule are, nevertheless, mandatory and jurisdictional. An appellant cannot avail himself of the advantages and benefits of the rule unless he complies with its requirements.

Rule 10 is much the same in form and purpose as Rule 9 (2), 18 Wn. (2d) 10-a, relating to the taking of an appeal on an abbreviated statement of facts or bill of exceptions. The pertinent part of Rule 9 (2), so far as the present discussion is concerned, provides:

"If the appellant does not include in his statement of facts or bill of exceptions the complete record and all the proceedings and evidence in the cause, he shall serve and file with such proposed bill of exceptions or statement of facts *a concise statement of the points on which he intends to rely on the appeal.*" (Italics ours.)

The language with reference to "a concise statement of points" in Rule 10 is almost identical with that in Rule 9 (2).

This court has squarely held that the filing, and timely filing, of a concise statement of the points on which the appellant intends to rely, in an appeal perfected under Rule 9 (2), is jurisdictional and mandatory. *Loutsis v. Georges,* 3 Wn. (2d) 1, 99 P. (2d) 413; *Rosencrans v. Purrier,* 15 Wn.

(2d) 558, 131 P. (2d) 442; *Falk v. Steinback,* 30 Wn. (2d) 62, 190 P. (2d) 747. Accord: *Baskett v. Seattle,* 200 Wash. 442, 93 P. (2d) 769; *Apostle v. Lillions,* 8 Wn. (2d) 118, 111 P. (2d) 789.

The statement of points required by Rule 10 stands upon the same jurisdictional footing as the statement of points required by Rule 9 (2).

We have also squarely held that an appeal will be dismissed for lack of jurisdiction where a statement of facts, stipulated in accordance with Rule 10, was not filed within ninety days after the date of entry of the final judgment or appealable order, as required by Rule 9 (1). *In re Berard's Estate,* 29 Wn. (2d) 438, 187 P. (2d) 610. The absence of a *statement of points* has at least as foreclosing an effect upon our ability and power to consider an appeal, as has the failure of a party to file his proposed *statement of facts* within the required time.

Since the parties herein have failed to meet the requirements of Rule 10, *supra,* the agreed statement of facts on appeal must be stricken. This necessarily carries with it the order from which the appeal is taken, inasmuch as such order was, as it is required to be, included in the statement. In other words, when the agreed statement of facts is stricken, it removes from our consideration the order, or judgment, as well, and for that reason, there is no question properly before this court for decision.

The appeal will be dismissed.

BEALS, ROBINSON, SIMPSON, MALLERY, SCHWELLENBACH, HILL, and GRADY, JJ., concur.

JEFFERS, C. J. (dissenting)—I am of the opinion this case should have been determined on the merits.

---

May 24, 1949. Petition for rehearing denied.