[No. 31819.   Department Two.   August 16, 1951.]

ALBERT J. DAVIS et al., *Appellants*, v. JAMES A. GIBBS et al., *Respondents.*[1]

*J. Edmund Quigley* and *Hile, Hoof & Shucklin*, for appellants.

*Harroun & Shidler, Robert W. Moody, Charles O. Carroll,* and *Kenneth G. Smiles,* for respondents.

GRADY, J.—This case is before the court upon a motion of respondents to dismiss an appeal taken by appellants upon the ground that it is upon a short record provided by subdivision (3) of Rule 34 relating to appeals (34A Wn. (2d) 36), and that appellants failed to serve and file with the proposed statement of facts a concise statement of the points upon which they intend to rely on their appeal. The question to be decided is whether the statement of facts constitutes a short record as contemplated by Rule 34. Subdivision (3) is as follows:

"(3)   (Appeal on short record.)   On any appeal or other proceeding for review, in any criminal cause, or in any civil cause whether cognizable at law or in equity, so much of the evidence as bears upon the question or questions sought to be reviewed may be brought before this court by a statement of facts without bringing up the evidence bearing on rulings on which no error is assigned. If the appellant does not include in his statement of facts the complete record and

[1]Reported in 234 P. (2d) 1077.

all the proceedings and evidence in the cause, he shall serve and file with such proposed statement of facts *a concise statement of the points on which he intends to rely on the appeal.*"

The action was instituted to determine the validity of proceedings taken relative to the annexation of certain territory to the city of Seattle. The second amended complaint tendered four issues: (1) the sufficiency of the petition for annexation filed with the county commissioners of King county; (2) the sufficiency of the publication of notice of the hearing on the petition; (3) whether legal notice of the annexation election was given; and (4) the legality of certain votes cast at the election. When the case was brought to trial, the question of insufficiency of the notice of the hearing on the petition for annexation was withdrawn and was not litigated. The findings of fact and conclusions of law made by the court were directed only to the sufficiency of the petition for annexation and of the notice of election. The judgment dismissed the complaints of the appellants with prejudice, dissolved restraining orders theretofore issued, and awarded costs and disbursements.

The notice of appeal was general. The appellants timely filed a proposed statement of facts. No statement of points upon which appellants intended to rely on their appeal was served or filed with the proposed statement of facts. It is stated in the brief of respondent that a "statement of issues on appeal" was served upon counsel for some of the respondents, but too late to be effective. The transcript does not contain a copy of any statement of issues or statement of points. We must therefore decide the question before us on the theory that no statement of points was either served or filed.

The certificate of the trial judge attached to the statement of facts follows the usual form, but states that the portion of the testimony of five named witnesses with reference to eligibility of persons voting at the annexation election, together with all objections and exceptions made and taken to the omission or exclusion of their testimony, were not included therein.

Appellants advance two theories, either of which they contend requires a denial of the motion to dismiss their appeal: (a) that the proposed statement of facts filed by appellants contained all of the evidence, etc., relating to the two questions decided by the court and upon which the judgment of dismissal of the action was based, and therefore such proposed statement of facts was complete and did not constitute the short record contemplated by subdivision (3) of Rule 34; and (b) even though it should be decided that the proposed statement of facts constituted a short record, the failure to serve and file with it a statement of points can cause only a striking of the statement of facts, resulting not in a dismissal of the appeal, but limiting the court to a determination of the question whether the judgment was supported by the findings of fact.

The record before us at this time presents only a motion to dismiss the appeal upon a single jurisdictional ground, namely, a failure to serve and file a statement of points. No motion has been made to strike the statement of facts, and therefore we shall not discuss or express any opinion upon the alternative theory of appellants.

■ The court found and determined as facts and concluded as a matter of law that the petition and what was done in the way of giving notice met statutory requirements, and the proper judgment to enter was one dismissing the actions brought by appellants. The general appeal covered the two questions decided adversely to appellants, and they were the only questions the court did decide by its judgment. The appellants proposed a complete statement of facts containing all of the evidence bearing upon those two questions. The scope of the appeal was all-inclusive. The proposed statement of facts was not a short record, and hence no statement of points was required to be served or filed.

Respondents cite *Baskett v. Seattle,* 200 Wash. 442, 93 P. (2d) 769; *Loutsis v. Georges,* 3 Wn. (2d) 1, 99 P. (2d) 413; *Rosencrans v. Purrier,* 15 Wn. (2d) 558, 131 P. (2d) 442, which considered certain aspects of our rule. The *Baskett*

case did not discuss or decide the question whether the proposed statement of facts constituted a short record. The court decided that it was incomplete, and the question presented could not be reviewed. In each of the two other cases cited, several questions were decided adversely to the respective appellants. The scope of the appeal embraced all of such questions. The proposed statement of facts did not cover all of them. They were short records, and no statements of points having been served or filed as required by rule, they were stricken.

A careful study of those cases aids us in our conclusion that, where a proposed statement of facts contains all of the material evidence and matters and things occurring at the trial affecting all of the questions decided by the court by its judgment, and the scope of the appeal therefrom embraces all of such questions, such appeal is not one on a short record requiring the serving and filing of a statement of points.

The motion is denied.

SCHWELLENBACH, C. J., MALLERY, HILL, and FINLEY, JJ., concur.