[No. 28127. Department Two. March 24, 1941.]

N. A. APOSTLE, *Respondent,* v. CHRIST D. LILLIONS *et al.,*
*Appellants.*[1]

*Christ D. Lillions* and *J. Will Jones,* for appellants.
*Tyre H. Hollander,* for respondent.

JEFFERS, J.—This is an appeal by defendants,
Christ D. Lillions (formerly Christ D. Lilliopolous) and
wife, from a judgment made and entered by the su-
perior court for King county, on March 23, 1940, in
favor of plaintiff, N. A. Apostle, on two causes of
actions set up in his complaint, and dismissing plain-
tiff's third cause of action. The first alleged cause of
action is the only one involved in this appeal.

Plaintiff alleged that, in the fall of 1936, defendant
Christ D. Lilliopolous was a candidate for United States
Congress, and that it was necessary for defendant to
raise money to finance his campaign; that defendant
was in immediate need of three hundred dollars, and
agreed with plaintiff that if plaintiff could raise that

[1]Reported in 111 P. (2d) 789.

amount, defendant would repay same at an early date; that, accordingly, plaintiff executed and delivered to Tom and Crist Felianos a certain promissory note for three hundred dollars, dated September 2, 1936, due ninety days after date; that, out of the sum of three hundred dollars realized on account of the note, the sum of one hundred dollars was paid directly to defendant, and the balance of two hundred dollars was expended by plaintiff in payment and discharge of campaign expenses of defendant; that defendant has never repaid to plaintiff the sum of three hundred dollars, and that plaintiff has been compelled to pay the note in full, including interest amounting to $53.25; that, although defendant authorized plaintiff to secure the money, and although he has recognized the same as his obligation, defendant has at all times failed and refused to pay and discharge the obligation; that plaintiff has made demand upon defendant for payment of the indebtedness, and the same has been refused. Plaintiff asked for judgment on his first cause of action in the sum of $353.25, and interest from date until paid.

Defendants by their answer denied that it was necessary for Mr. Lillions to raise funds for his campaign, and denied the other allegations of the complaint in regard to the procuring of money by plaintiff and the expenditure thereof for defendants' benefit.

The matter came on for hearing before the court, and on March 23, 1940, the trial court made and entered findings of fact, conclusions of law, and judgment. The findings of the trial court follow the allegations of the complaint relative to the first cause of action, and from such findings the court concluded:

"That plaintiff is entitled to judgment against the defendant, Christ D. Lillions, formerly Christ D. Lilliopolous, and the marital community composed of

Christ D. Lillions and Olga Lillions, his wife, on plaintiff's first cause of action in the sum of $300.00 with interest thereon at six per cent per annum from September 2, 1936, until paid, and for his costs and disbursements herein expended."

Judgment was entered on the first cause of action in accordance with the above findings and conclusions of law.

Appellants contend the court erred in holding that appellants are liable under the note sued upon and introduced in evidence at the trial, and in not holding that the same is barred by the statute of frauds.

Appellants contend this is an action on a promissory note, and that respondent prosecuted his action on that theory. It is further contended by appellant that the statement of facts brings before the court admissions of respondent showing that this was an action on a promissory note.

Respondent contends this is not a suit on a promissory note, but for money owing, and that the note was only pleaded as a part of the cause of action.

We are first met with a motion by respondent to strike the statement of facts, dismiss the appeal, and affirm the judgment.

The following certificate, signed by Robert M. Jones, Judge, is attached to the statement of facts filed herein:

"I, Robert M. Jones, one of the Judges of the Superior Court of the State of Washington for King County, sitting in Department No. 7 thereof, and the Judge before whom the above entitled cause was tried, do hereby certify:

"That the matters and proceedings embodied in the foregoing statement of facts are matters and proceedings occurring in said cause, and the same are hereby made a part of the record herein.

"I do further certify that the foregoing document denominated a statement of facts contains no evidence bearing upon the question whether or not the plain-

tiff's first cause of action is an action upon the promissory note set out in the complaint and whether the same is barred by the statute of frauds, but does contain statements made by counsel.

"And that exhibits one and two, hereto attached, are all the exhibits admitted upon the trial of said cause.

"Done in open court this 22 day of July, 1940."

Appellants contend that, having filed a statement of points upon which he expected to rely on appeal, in accordance with Rule IX, subd. 2, Rules of the Supreme Court, 193 Wash. 9-a, it was not necessary for him to bring up more of the record than appears in the statement of facts.

We are satisfied that the statement of facts filed in this case does not comply with either the statute or Rule IX, subd. 2, *supra*, and that it must be stricken. *Loutsis v. Georges*, 3 Wn. (2d) 1, 99 P. (2d) 413, and cases therein cited.

It is apparent from the certificate that the statement as filed does not contain all the material facts, matters, and proceedings occurring in the cause, necessary for a determination of the points on which appellants rely on their appeal.

Where a statement of facts is so certified, we cannot review the findings of fact as made by the trial court, and they therefore become the established facts in the case.

We are further satisfied the findings support the conclusions of law and judgment entered, and it follows that the judgment must be and is affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and MILLARD, JJ., concur.