[No. 29280. Department Two. August 22, 1944.]

ALBERT N. FROOM, *Appellant,* v. IVA E. FROOM, *Respondent.*[1]

*E. D. Germain,* for appellant.

*Schaefer & Hall,* for respondent.

ROBINSON, J.—This is a divorce action in which it appears from the briefs that the appellant, who was the defendant

[1]Reported in 151 P. (2d) 66.

below, complains only of that portion of the decree which relates to the division of the community property of the parties, asserting that the decree leaves a considerable part of the community property undisposed of. The cause was set for hearing on June 6th. On the preceding May 29th, counsel for the parties thereto filed the following duly executed stipulation:

"IT IS HEREBY STIPULATED between the appellant, through his attorney, E. D. Germain, of Longview, Washington, and the respondent, through her attorney, Louis Schaefer, of Vancouver, Washington, that the above entitled matter be submitted to the court upon briefs, *each party hereby waiving oral argument.*"

It may be that we have no jurisdiction of this appeal. There is no showing in the record that a notice of appeal was given, or that the notice, if given, was perfected by the filing of a bond within the statutory period, or at all. It is possible that these things were done, and, we think, highly probable, but it is unnecessary to determine that matter, for it affirmatively appears from the record, as it stands, that the purported statement of facts was neither served nor filed within ninety days after the decree in the cause sought to be appealed from was entered; and, without a statement of facts, we cannot determine the amount, nature, and description of the property involved in the controversy.

The court, therefore, finds itself in the same position in which it was in the case of *Nudd v. Seattle,* 188 Wash. 273, 62 P. (2d) 43. In disposing of that case, we said:

"Appellant's statement of facts not having been filed within the ninety days after the entry of the judgment, the same will be stricken.

"Appellant's assignments of error all require consideration of the evidence which was introduced on the trial. As the evidence is not properly before us, the appeal presents no question which we can consider."

For other decisions to the same effect, see Appeal and

Error, Key No. 564, subds. (3), (4), and (5), in the current cumulative supplement of 2 Washington Digest, Annotated. The decree appealed from is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and MALLERY, JJ., concur.