[No. 30206. Department Two. March 9, 1948.]

INER FALK et al., *Respondents,* v. E. E. STIENBACK et al., *Appellants.*[1]

[1]Reported in 190 P. (2d) 747.

*Lee L. Newman* and *George S. Cook*, for appellants.

*Padden & Moriarity* and *Ivan Merrick, Jr.*, for respondents.

BEALS, J.—Plaintiffs, Iner and Loretta F. Falk, husband and wife, instituted this action against defendants, E. E. and Aileen A. Stienback, husband and wife, asking for judgment for damages suffered by plaintiffs as the result of a collision between plaintiffs' automobile, driven by Iner Falk, in which plaintiff Loretta F. Falk was a passenger, and defendants' automobile, driven by Aileen A. Stienback. The accident occurred September 17, 1940, and plaintiffs' complaint was filed March 10, 1941.

Defendants' answer to the complaint was filed June 16, 1941, the defendants denying any negligence on their part and pleading two affirmative defenses, first, that the accident was unavoidable, and, second, that the accident was occasioned by plaintiffs' own negligence.

By their reply, the plaintiffs denied that the accident was unavoidable and that they were guilty of any negligence which contributed to the collision.

The plaintiffs noted the action for the trial docket June 16, 1941, and, September 6, 1941, the case was set for trial for November 24, 1941. From the transcript, it appears that no minute entries of the presiding judge's department for November 24, 1941, were in existence at the time the transcript was prepared, but, evidently, the cause was continued for trial to January 9, 1942, on which date a minute entry on the records of the presiding judge's department shows that the cause was continued on the trial docket to February 5th. The transcript shows that no minutes of the department of the presiding judge for February 5, 1942, were preserved, but, apparently, the trial was postponed, the cause being carried on the trial docket. It appears from the transcript that, April 17, 1942, the cause was stricken from the trial docket.

The cause was renoted January 26, 1946, to be set for trial, and it appears from the judgment that the action came on regularly for trial before the court, sitting with a jury, December 3, 1946. The jury having returned a verdict in favor of the plaintiffs, the court entered judgment for plaintiffs December 24, 1946, and, on the same day, signed an order denying defendants' motion for judgment in their favor notwithstanding the verdict or, in the alternative, for a new trial.

January 18, 1947, the defendants served and filed notice of appeal from the judgment and, on the same day, filed their bond for costs on appeal.

Appellants assign error (1) upon the denial of their motion to dismiss the action for want of prosecution, having based their motion upon Rule of Practice 3 (18 Wn. (2d) 32-a); (2) upon the refusal of the trial court to dismiss the action for want of prosecution; (3) upon the refusal of the trial court to dismiss the action because of alleged laches on the part of respondents; (4) upon the denial of their motion for a trial amendment to their answer, pleading laches as an affirmative defense, and (5) upon the denial

of appellants' motion for judgment in their favor notwithstanding the verdict, because of respondents' delay in prosecuting the action and because of respondents' laches.

Appellants filed a motion to dismiss the action, without prejudice, for want of prosecution, April 25, 1946, basing their motion upon an affidavit of one of their counsel which stated the proceedings hereinabove set forth, and that respondents had, without cause, failed to note the action for trial for a period of more than one year after issue joined. This motion came on regularly to be heard before the Honorable J. T. Ronald May 22, 1946, and was heard upon affidavits filed by appellants and respondents and the argument of counsel. May 24, 1946, Judge Ronald signed an order denying appellants' motion to dismiss the action and allowing appellants an exception.

The action was called for trial before the Honorable William J. Wilkins, a judge of the superior court for King county, December 3, 1946, and it appears that appellants seasonably renewed their motion to dismiss the cause for want of prosecution, basing their motion upon Rule of Practice 3 (18 Wn. (2d) 32-a). After argument, the trial court refused to review Judge Ronald's order, and the trial proceeded, with the result above stated.

After the return of the verdict in plaintiffs' favor, appellants seasonably moved for judgment in their favor notwithstanding the verdict or, in the alternative, for a new trial, including in their motion all the statutory grounds upon which a motion for a new trial may be based. As stated above, this motion was denied by a formal order signed and filed December 24, 1946, the day of the signing and filing of the judgment appealed from.

Appellants, in their notice of appeal, stated that they appealed from the order dated May 24, 1946, denying appellants' motion for dismissal of the action for want of prosecution, from the final judgment in the action, and from the order denying their motion for judgment in their favor notwithstanding the verdict or, in the alternative, for a new trial.

Respondents have moved to strike the statement of facts and dismiss the appeal, upon the ground that the statement of facts was not filed within ninety days from the date of the entry of final judgment by the superior court. Arguments upon this motion were heard before a Department of this court September 12, 1947, the court directing that the motion be passed to the merits for consideration after argument on the appeal.

Appellants filed their proposed statement of facts March 17, 1947, within ninety days from the date of the entry of the judgment, and, at the same time, filed their list of points upon which they proposed to rely on their appeal, as required by Rule of Supreme Court 9(2) (18 Wn. (2d) 10-a), which provides:

"If the appellant does not include in his statement of facts or bill of exceptions the complete record and all the proceedings and evidence in the cause, he shall serve and file with such proposed bill of exceptions or statement of facts a concise statement of the points on which he intends to rely on the appeal."

Appellants' statement of points reads as follows:

"(1) That the motion Judge of the Superior Court erred in denying the motion of appellants to dismiss the above action for want of prosecution.

"(2) That the trial Court erred in failing to rule on appellants' motion to dismiss for want of prosecution.

"(3) That the trial Court erred in denying the appellants' motion for a trial amendment setting forth the affirmative defense of laches.

"(4) That the trial Court erred in failing to rule on appellants' motion to dismiss for laches.

"(5) That the trial Court erred in denying appellants' motion for judgment notwithstanding the verdict, or in the alternative for a new trial."

Manifestly, pursuant to point No. 5, above quoted, appellants could, on appeal, assign error upon any ruling made prior to, during, or after the trial.

Appellants' proposed statement of facts included a complete record of the hearing on appellants' motion to dismiss the action, which was held before Judge Ronald, and

which motion was denied by him by order dated May 24, 1946. This portion of the statement of facts was certified by Judge Ronald June 27, 1947, as containing all material facts, matters, and proceedings pertaining to the presentation and decision of that motion.

The remainder of the proposed statement of facts consisted of a half page of matter preliminary to the opening of the trial before Judge Wilkins (followed by the proceedings before Judge Ronald, including affidavits presented to and considered by him prior to ruling on the motion); further proceedings preliminary to the opening of the trial before Judge Wilkins; the court's ruling upon appellants' motion for a trial amendment; a statement that the plaintiffs (respondents) presented their evidence before the court and jury and rested; the testimony of a police officer called as a witness by appellants; the testimony of one of appellants' counsel concerning his search for records in the offices of the municipal court of Seattle and the police department, which search was without result, and a portion of the testimony of Aileen A. Stienback on direct examination and a portion of the cross-examination of the witness.

The proposed statement of facts concluded with a recital of motions made by appellants' counsel for dismissal of the action, pursuant to Rule of Practice 3, and for leave to make a trial amendment to plead the affirmative defense of laches. The court, in effect, denied the motions by ruling that it would submit the case to the jury upon the evidence before the jury.

The proposed statement of facts was entirely insufficient to cover appellants' statement of points, as filed with the proposed statement of facts. As matter of law, the proposed statement of facts, filed within the ninety days, together with the appellants' statement of points, must be held to be absolutely inadequate to cover appellants' statement of points filed therewith, and, for that reason, to constitute, in law, no statement of facts.

Within ten days after the filing of the proposed statement of facts, respondents moved to strike the same upon the grounds that, when read in connection with appellants'

statement of points, the proposed statement of facts was so inadequate as to constitute no statement of facts whatever, being in no sense a statement of the facts disclosed on the trial of the action. In the alternative, respondents moved for an order requiring appellants to supplement the proposed statement of facts by amending the same so that it would include all material matters which had occurred upon the trial. Respondents' motion specified the matters which they deemed necessary to comprise an adequate statement of facts. The motion was based upon an affidavit by one of respondents' counsel.

After several hearings, the trial court, June 27, 1947, signed an order directing appellants to supplement their proposed statement of facts by adding thereto the testimony of respondents, the order reciting that respondents' motion to amend the statement of facts had been granted June 7, 1947.

Appellants complied with the court's order, and, June 27, 1947, the trial court certified that certain designated matters appearing on named pages of appellants' proposed statement of facts, filed March 17, 1947, together with appellants' amendment to the statement of facts, above referred to, were matters and proceedings which occurred in the cause and contained all material facts, matters, and so forth, theretofore occurring in the cause, not already a part of the record, "necessary for a determination of the points on which appellants intend to rely on appeal," together with names of all the witnesses who testified on appellants' behalf.

The trial court, September 18, 1947, certified that another supplement to the statement of facts, filed September 20, 1947, contained the testimony of Aileen A. Stienback, called as a witness on behalf of respondents.

A supplemental transcript is before us, containing "amendment of points relied upon by appellants on appeal," which was filed June 6, 1947. In this purported amendment, appellants stated their point No. 5 as follows:

"(5) That the trial court erred in denying appellants' motion for judgment notwithstanding the verdict or, in the

alternative, for a new trial, *only as to sub-paragraph 7 of said motion for the failure of the trial court to*:

"*a. dismiss said action for want of prosecution,*

"*b. dismiss for laches of the plaintiffs; and*

"*c. for the denial by the trial court of appellants' motion for a trial amendment setting forth the affirmative defense of laches.*"

It would seem that the trial court had this so-called amendment to appellants' statement of points in mind in executing its certificate to the statement of facts dated June 27, 1947, referred to above.

In connection with respondents' motion to strike the statement of facts, the record discloses a situation as follows:

Appellants filed a proposed statement of facts, with their statement of points, within the period of ninety days following the entry of the judgment. The first four of their statement of points would justify the filing of an abbreviated statement of facts, sufficient to disclose the record upon which the rulings complained of had been made. The fifth point stated, however, would justify presentation of arguments upon any and all rulings of the trial court which appellants might contend were erroneous, and which occurred at any time prior to the denial, by the trial court, of appellants' motion for judgment in their favor notwithstanding the verdict or, in the alternative, for a new trial.

In signing the certificate of June 27, 1947, to the statement of facts, Judge Wilkins stated:

"I further certify that the same contain all the material facts, matters and proceedings heretofore occurring in the cause, and not already a part of the record herein, necessary for a determination of the points on which appellants intend to rely on appeal, and it contains the names of all the witnesses presenting testimony on behalf of appellants."

This certificate, of course, clearly shows that the statement of facts did not contain all of the evidence introduced at the trial, but was to cover merely certain "points" (not more specifically designated), upon which the appellants intended to rely before this court.

Rule of Supreme Court 9(2), as now in effect, was promulgated by this court, July 1, 1938. The portion thereof pertinent to the question now under discussion, is quoted above. This portion of the rule has been referred to in several of our opinions.

In *Baskett v. Seattle,* 200 Wash. 442, 93 P. (2d) 769, the rule was referred to, and attention called to the fact that the appellant, while appealing upon a short record, had filed no statement of points whatever. The question presented to the court was raised by the respondents' motion to strike the statement of facts, dismiss the appeal, and affirm the judgment, the motion having been argued and assigned for an opinion. The motion was granted; the statement of facts, as presented, considered with the trial court's certificates thereto attached, being insufficient. The court called attention to Rule of Supreme Court 9(2), "and the difficulties attendant upon failure to comply with it," in connection with appeals upon an abbreviated statement of facts.

In *Loutsis v. Georges,* 3 Wn. (2d) 1, 99 P. (2d) 413, an abbreviated statement of facts was stricken, because of appellant's failure to file a statement of points calling attention to the questions which he desired to raise on appeal. In the course of the opinion, we said:

"Where an appellant seeks to have only certain questions reviewed on appeal, as provided for in § 2, rule IX, *supra* [Rule of Supreme Court 9(2)], and does not include in his statement of facts or bill of exceptions, as proposed and filed, the complete record and all the proceedings and evidence in the cause, the filing of a concise statement of the points on which he intends to rely on appeal is jurisdictional and mandatory."

In *Apostle v. Lillions,* 8 Wn. (2d) 118, 111 P. (2d) 789, it appeared that the appellants filed a statement of the points upon which they expected to rely on appeal, in accordance with the rule, but, on motion, the statement of facts was stricken as not containing all of the material facts, matters, and proceedings occurring in the cause, necessary for a

determination of the points upon which appellants relied on their appeal. In the course of the opinion, we said:

"It is apparent from the certificate that the statement as filed does not contain all the material facts, matters, and proceedings occurring in the cause, necessary for a determination of the points on which appellants rely on their appeal."

The certificate of the trial court, attached to the statement of facts, stated that the same did not contain evidence bearing upon certain specified phases of the trial.

In *Rosencrans v. Purrier*, 15 Wn. (2d) 558, 131 P. (2d) 442, the respondents moved to strike the statement of facts. It appeared that the appellant filed with the superior court a proposed statement of facts, within the period of ninety days after the entry of the judgment. The proposed statement, however, did not include all of the proceedings and evidence in the case, but merely a summary thereof, together with memorandum decisions of the trial court. The appellant did not file, at the time of the filing of the proposed statement of facts or at any time within the ninety-day period, his statement of the points upon which he intended to rely on the appeal. He did file such a statement of points, with an amended proposed statement of facts, five days after the ninety-day period had elapsed.

In the opinion, attention was called to the fact that the appellant's notice of appeal was directed both to the judgment entered on the verdict of the jury and to the order which the appellant sought to review on appeal to this court. While the court assumed, for the purposes of the opinion only, that the statement of facts, as amended after the expiration of the ninety-day period, was a proper statement of facts to be considered on appeal, the court, quoting from *Loutsis v. Georges, supra*, struck the statement of facts because of the failure of the defendant to file any statement of points to be relied upon on appeal, within the time limited by the rule. In the course of the opinion, we said:

"The only distinction between the *Loutsis* case and this one is that there the appellant at no time filed a statement of the points on which he intended to rely on the appeal,

while here he ultimately did file such a statement, but not with his first proposed, statement of facts, nor within the ninety-day period. However, as stated in the *Loutsis* case, the rule is jurisdictional and mandatory. Not only must the proposed statement of facts be filed within the ninety-day period, but with his proposed statement of facts the appellant must also serve and file a concise statement of the points on which he intends to rely on the appeal. The jurisdictional mandate thus applies to the time element as well as to the factual content of the statement of points on which reliance is placed. Appellant did not comply with the rule, and for that reason the statement of facts must be stricken."

It was expressly held that the rule in question is jurisdictional and mandatory, both as to the time of filing and the contents of the statement of points relied upon.

In the case at bar, appellants, within the time limited by the rule, filed, with their proposed statement of facts, a statement of the points upon which they intended to rely on appeal. This statement, however, was couched in such broad terms as to embrace any matter which occurred during the trial, and in connection with which appellants might contend that the trial court had erred, to their prejudice. Appellants sought to limit their statement of points by an amended statement, filed after the filing of their proposed statement of facts, and after the expiration of the ninety-day period.

It would seem that, if a statement of points could be so amended by an appellant seeking to review before this court, upon an abbreviated statement of facts, only certain rulings of the trial court deemed erroneous, the filing of a statement of points would be of little benefit and would fall far short of accomplishing the evident purpose of the rule, as an appellant could file a statement of points embracing all possible errors in the entire record, and then, after the expiration of the ninety-day period, reduce it at pleasure.

As stated in the cases of *Loutsis v. Georges* and *Rosencrans v. Purrier, supra,* the filing of a statement of points, as provided by the rule, is jurisdictional and mandatory, both as to the time element and to the factual con-

tent of the statement. The manifest purpose of the rule is to advise opposing counsel and the trial court as to the exact questions which the appellant is seeking to present to this court on appeal. The proposed statement of facts, which an appellant must file within a ninety-day period, should consist of so much of the record as the appellant, in the exercise of good faith, believes will serve as an adequate basis for the presentation of his appeal before this court. Counsel for other parties to the litigation are entitled to rely upon the statement of points, as initially filed, and the trial court should also, at that time, be fully advised as to the appellant's position with regard to the questions which the appellant proposes to present to this court on appeal.

While the precise question here presented has not been before this court in any case heretofore decided, the governing principles have been clearly enunciated in our decisions cited above.

The proposed statement of facts presents another question which should be noted. As above stated, appellants' motion to dismiss the action, based upon Rule of Practice 3, 18 Wn. (2d) 32-a, was first argued to a judge other than the judge who presided at the trial. The proposed statement of facts contains a statement of facts signed by this judge, certifying as to the matters presented to him when arguing this motion, and the transcript contains a copy of the order then entered, denying appellants' motion to dismiss the action. This order was interlocutory in its nature and was not subject to review by appeal.

The proposed statement of facts discloses that, after the jury had been duly impaneled and sworn to try the cause, and in the absence of the jury, appellants renewed their motion to dismiss the action for want of prosecution, pursuant to Rule of Practice 3. Counsel called attention to the fact that this motion had been previously made in the cause and was being renewed. The trial court then inquired whether or not appellants had appealed from the order signed by Judge Ronald, to which appellants' counsel answered in the negative. After argument of counsel for

both parties, which is not contained in the proposed statement of facts, the court stated: "I will not pass on the matter at all. Judge Ronald has ruled on it, and we will go ahead with the trial of the case," to which statement appellants preserved an exception.

The trial court should have ruled on the motion. Its refusal to do so was, in effect, a denial of appellants' motion to dismiss. Appellants were entitled to rulings by the trial court upon all questions properly presented.

■ The denials of appellants' motions to dismiss, above referred to, constituted rulings which, upon a proper record, appellants might review before this court. All alleged trial errors, to which exceptions have been properly preserved, may be presented to this court for consideration, on appeal by an aggrieved party, if a proper and adequate record be here presented.

Judge Ronald's order of May 24, 1946, was interlocutory only, somewhat similar to the entry of an order overruling a demurrer to a complaint, and, had appellants elected to stand upon their motion and suffered a judgment against them, it could have been reviewed by this court on appeal from such judgment. It appearing that appellants did not follow this course, the order, standing alone, is not subject to review here.

■ In this connection, it is appropriate to call attention to the fact that Rem. Rev. Stat., § 389 [P.P.C. § 47-17] *et seq.,* apparently contemplate that a statement of facts shall be signed by ". . . the judge of the court before whom the cause is pending or was tried, . . ." (Rem. Rev. Stat., § 389), with the exceptions stated by Rem. Rev. Stat., § 392 [P.P.C. § 47-23], providing for the certification of a statement of facts if the judge before whom the cause was pending or tried shall have ceased to occupy his judicial office, or because of disability may be unable to certify the statement of facts. A question concerning statements of facts certified by different judges was considered by this court in the case of *Hill v. Young,* 7 Wash. 33, 34 Pac. 144.

As the statement of facts certified by Judge Ronald cannot be considered by this court, independently of a suffi-

cient statement of facts certified by the judge who tried the cause, we merely call attention to the statutes governing the preparation and certification of a statement of facts or bill of exceptions.

██ For the reasons above stated, the proposed statement of facts was utterly inadequate to meet the requirements of appellants' statement of points filed therewith, and as, pursuant to the authorities above cited, we hold that a statement of points filed by an appellant desiring to raise only designated questions on appeal to this court, and filed with the proposed statement of facts, is not subject to amendment after the expiration of the ninety-day period, the statement of facts in the case at bar is inadequate and ineffective, and is stricken from the record.

██ Appellants' motion for dismissal of the action for want of prosecution states that it is based upon the records, files, and proceedings in the cause, and "upon the subjoined affidavit of George S. Cook," one of appellants' counsel. The transcript contains two affidavits, evidently filed in connection with this motion, one by a former counsel for appellants, who represented them during the years 1940 and 1941, and another by one of respondents' counsel. The order denying the motion states, *inter alia*, ". . . the court having heard and considered the affidavits in support of and against said motion and the arguments of counsel, . . ." followed by denial of the motion. As the order does not describe or identify the affidavits which were presented to the court, the affidavits disclosed by the transcript may not be considered because, in the absence of a statement of facts, there is no record before us definitely identifying the affidavits which were presented to and upon which the trial court based its ruling. While the affidavit filed together with, and referred to in, appellants' motion to dismiss may be considered, it appears that the court considered other affidavits, which, as above stated, are not adequately identified in the record. *Keyes v. Ahrenstedt,* 156 Wash. 526, 287 Pac. 35; *Rosencrans v. Purrier, supra; Whittaker v. Weller,* 21 Wn. (2d) 716, 152 P. (2d) 957, 155 P. (2d) 284.

The statement of facts having been stricken, there remains before us, upon the appeal, no question which we can consider. *Froom v. Froom,* 21 Wn. (2d) 418, 151 P. (2d) 66.

The judgment appealed from is, accordingly, affirmed.

MALLERY, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.

[1]Reported in 190 P. (2d) 705.