[No. 38389.    Department Two.    January 5, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTON KULJIS, JR., *Appellant*.*

*Reported in 422 P.2d 480.

*Comfort, Dolack, Hansler & Billett (Gerald L. Hulscher, of counsel) (Appointed counsel for appeal), for appellant.*

*John G. McCutcheon and Don R. Smith, for respondent.*

LANGENBACH, J. †—The defendant was convicted of negligent homicide. He has appealed on a short record.

In the early morning of February 10, 1965, he operated his automobile in such a manner as to collide with another automobile, the driver of which very shortly thereafter died. Appellant was seriously injured and both were taken to a Tacoma hospital.

At the hospital the appellant was questioned by police officers. One asked to have a blood-alcohol test made and appellant consented. The officer testified appellant was coherent; he was asked if he was willing to consent to such a test. He was advised of his right to refuse such a test and that the test was to determine the amount of alcohol in his blood and appellant consented. On cross-examination, the officer admitted that if he had known appellant was suffering from a cerebral concussion, he might not have been so sure that appellant was coherent.

The police also asked the emergency doctor, then on duty, to take such a blood sample. The doctor testified that, in the presence of the police officers and other hospital personnel, he told the appellant the police wanted a blood-alcohol test made for their own purpose. He asked him whether this would be all right with him and would he give his consent and appellant said yes. His injuries were to his chest, right kneecap and zygomatic arch of his right eye. It was only after the doctor was assured that appellant

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

was coherent and had consented that he ordered the blood sample taken and the test made.

A form was filled out and signed by the doctor and a nurse as witnesses. On the form was written "oral permission given, patient unable to sign because of injuries." A blood sample was then drawn by a laboratory technician and the test made therefrom. It showed 160 milligrams per cent of alcohol.

Appellant testified he did not remember the colloquy either with the police or doctor and asserted he was so afflicted with injuries that he was unable to give an informed consent. He did not know, then, that the other driver had died.

After an extensive hearing on the motion to suppress the blood-alcohol test, the trial judge ruled it admissible as evidence. Based upon it and the other evidence concerning intoxication, the appellant was convicted in a trial to the court.

■ There were 11 assignments of error. The first three attacked findings of fact that appellant's automobile crossed the center line, causing the collision, while being operated by him while under the influence of intoxicants, which resulted in the crime of negligent homicide. The short record and statement of facts do not set forth the evidence and circumstances surrounding the collision. In the absence of such a record, the question of the sufficiency of the evidence cannot be considered. Accordingly, the findings of fact as made by the trial court became the established facts in this case. *Apostle v. Lillions,* 8 Wn.2d 118, 111 P.2d 789 (1941).

The remaining assignments of error raised three questions: (1) whether appellant consented to the blood-alcohol test; (2) whether disclosure of the test by the doctor was a violation of the doctor-patient privilege; and (3) whether taking the blood sample was an unlawful search and seizure and an invasion of privacy in violation of due process of law.

■   Whether appellant consented to the blood-alcohol test was a question of fact for the trial court. RCW 46.56.010 provided, in part:

> Nothing herein contained shall be construed as requiring any person to submit to a chemical analysis of his blood, and the refusal to submit to such an analysis shall not be admissible in evidence in any criminal prosecution for a violation of the provisions of this section . . . .

This section was considered in *Poston v. Clinton*, 66 Wn.2d 911, 406 P.2d 623 (1965), which was relied upon by appellant. This case held that a consent was required. The trial court had before it the testimony of the police officer and the doctor. Both of them testified that appellant gave his consent after being informed of the purpose of the test. This was material and credible evidence. Although appellant denied any knowledge or memory of consenting to the blood test, it is sufficient to state that the record does not substantiate him.

Appellant's next contention was that the doctor-patient privilege had been violated. RCW 5.60.060(4) established the doctor-patient privilege rule in civil actions and *State v. Miller*, 105 Wash. 475, 178 Pac. 459 (1919), extended the rule to criminal proceedings.

■   When a doctor makes a particular examination other than for the purpose of treating or examining the patient, it is not within the doctor-patient privilege rule, *State v. Sullivan*, 60 Wn.2d 214, 373 P.2d 474 (1962); provided the patient was not misled as to the purpose of such an examination, *Ballard v. Yellow Cab Co.*, 20 Wn.2d 67, 145 P.2d 1019 (1944); even though the doctor had previously or subsequently treated the patient. *State v. Miller, supra*; and *Strafford v. Northern Pac. Ry.*, 95 Wash. 450, 164 Pac. 71 (1917).

In the case at bar, the doctor-patient relation was established solely for the taking of the blood-alcohol sample in the presence of the police officers for their own purpose. The officers had conferred with him about the test and informed him of his rights and the purpose for the test. So had the doctor. After appellant had consented to the test

for this purpose, the blood sample had been extracted. The doctor-patient privilege was not violated.

■ At the time the blood-sample test results were admitted in evidence, the trial court cited 89 A.L.R.2d 798:

> It has been held that the taking, prior to arrest, of a blood sample for a blood alcohol test does not constitute an unlawful search and seizure when cause to arrest the person from whom the blood sample is taken exists prior to the taking thereof and there is no contention that arrest was not made within a reasonable time, or that it was not made on the basis of facts known to the officer who investigated the accident out of which the prosecution arose.

That statement is very apposite here. At the time the blood-alcohol test sample was sought, the police officers had reasonable grounds to believe that a felony had been committed (negligent homicide while under the influence of intoxicating liquor). The trial court found that the appellant had consented to the taking of such a sample for such purpose. Thus the extraction of the blood sample was not an unreasonable search and seizure. This did not constitute a violation of any rights of due process of appellant.[1] He received a fair trial.

The judgment and sentence is affirmed. It is so ordered.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

---

March 8, 1965. Petition for rehearing denied.

■■■■■■■■■

---

[1]Accord: *Schmerber v. California*, 384 U.S. 757, 16 L. Ed. 2d 908, 86 Sup. Ct. 1826 (1966)